IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF FRESNO, et al,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT TURNER, et al,<br><br>Defendant. | Case No.: 3:25-cv-07070-RS<br><br>**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Complaint Filed: August 20, 2025<br><br>Hon. Richard Seeborg |

**[PROPOSED] TEMPORARY RETRAINING ORDER**

Upon consideration of Plaintiffs' motion for a temporary restraining order, the accompanying memorandum of points and authorities, all supporting documents and declaration thereto, Plaintiffs have made a sufficient showing in support of their motion for a temporary restraining order. Accordingly, that motion for temporary retaining order is **GRANTED**, and until this Court rules on the motion for preliminary injunction, it is **ORDERED** that:

- HUD and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined HUD Parties"), are enjoined from (1) imposing or enforcing grant conditions implementing and incorporating executive orders and policy ("Federal Grant Conditions"), including EO No. 14151, 90 Fed. Reg. 8339 (Jan. 29, 2025) (Ending Radical and Wasteful Government DEI Programs and Preferencing), EO No. 14168, 90 Fed. Reg. 8615 (Jan. 30, 2025) (Defending Women from Gender Ideology Extremism), EO No. 14173, 90 Fed. Reg. 8633 (Jan. 31, 2025) (Ending Illegal Discrimination and Restoring Merit-Based Opportunity), EO No. 14182, 90 Fed. Reg. 8751 (Jan. 31, 2025) (Enforcing the Hyde Amendment), and Exec. Order No. 14332, 90 Fed. Reg. 38929 (Aug. 7, 2025) (Improving Oversight of Federal Grantmaking) or any materially similar terms or conditions at any stage of the grantmaking process, including but not limited to in new grant applications, notices of funding availability or opportunity, certifications, grant agreements, or post-award submissions, with respect to any HUD funds awarded, directly or indirectly, to Plaintiffs or their subrecipients; (2) rescinding, withholding, cancelling, or otherwise not processing any HUD grant agreements, or pausing, freezing, impeding, blocking, cancelling, terminating, delaying, withholding, or conditioning HUD funds, based on such terms or conditions, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objections to conditions enjoined by this preliminary injunction; (3) requiring Plaintiffs to make any "certification" or other representation related to compliance with such terms or conditions; or (4) refusing to issue, process, or sign HUD grant agreements based on Plaintiffs' participation in this

RENNE PUBLIC LAW GROUP
Attorneys at Law

lawsuit. The Enjoined HUD Parties shall immediately treat any actions taken to implement or enforce the Federal Grant Conditions or any materially similar terms or conditions as to HUD funds awarded, directly or indirectly, to the Plaintiffs or their subrecipients, including but not limited to any delays or withholding of funds based on such conditions, as null, void, and rescinded; while this preliminary injunction is in effect, shall treat as null and void any such conditions included in any grant agreement executed by any Plaintiff or its subrecipient; and may not retroactively apply such conditions to grant agreements during the effective period of this preliminary injunction. The Enjoined HUD Parties shall immediately take every step necessary to effectuate this order, including without limitation clearing any administrative, operational, or technical hurdles to implementation.

- DOT and all of the DOT operating agencies, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined DOT Parties"), are enjoined from (1) imposing or enforcing the Federal Grant Conditions or any materially similar terms or conditions at any stage of the grant-making process, including but not limited to in new grant applications, notices of funding availability or opportunity, certifications, grant agreements, or post-award submissions, as to any DOT funds awarded, directly or indirectly, to Plaintiffs or their subrecipients; (2) rescinding, withholding, cancelling, or otherwise not processing the DOT grant awards, or pausing, freezing, impeding, blocking, canceling, terminating, delaying, withholding, or conditioning DOT funds, based on such terms or conditions, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objections to conditions enjoined by this preliminary injunction; (3) requiring Plaintiffs to make any "certification" or other representation related to compliance with such terms or conditions; or (4) refusing to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit. The Enjoined DOT Parties shall immediately treat any actions taken to implement or enforce the Federal Grant Conditions or any materially similar terms or

conditions as to DOT funds awarded, directly or indirectly, to the Plaintiffs or their subrecipients, including but not limited to any delays or withholding of funds based on such conditions, as null, void, and rescinded; while this preliminary injunction is in effect, shall treat as null and void any such conditions included in any grant agreement executed by any Plaintiff or its subrecipient; and may not retroactively apply such conditions to grant agreements during the effective period of this preliminary injunction. The Enjoined DOT Parties shall immediately take every step necessary to effectuate this order, including without limitation clearing any administrative, operational, or technical hurdles to implementation.

- HHS and all of the HHS operating divisions and agencies, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined HHS Parties"), are enjoined from (1) imposing or enforcing the Federal Grant Conditions or any materially similar terms or conditions at any stage of the grant-making process, including but not limited to in new grant applications, notices of funding availability or opportunity, certifications, grant agreements, or post-award submissions, as to any HHS funds awarded, directly or indirectly, to Plaintiffs or their subrecipients; (2) rescinding, withholding, cancelling, or otherwise not processing HHS grant awards, or pausing, freezing, impeding, blocking, canceling, terminating, delaying, withholding, or conditioning HHS funds, based on such terms or conditions, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objections to conditions enjoined by this preliminary injunction; (3) requiring Plaintiffs or their subrecipients to make any "certification" or other representation related to compliance with such terms or conditions; or (4) refusing to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit. The Enjoined HHS Parties shall immediately treat any actions taken to implement or enforce the Federal Grant Conditions or any materially similar terms or conditions as to HHS funds awarded, directly or indirectly, to the Plaintiffs or their subrecipients, including but not limited to any delays or withholding of

funds based on such conditions, as null, void, and rescinded; while this preliminary injunction is in effect, shall treat as null and void any such conditions included in any grant agreement executed by any Plaintiff or its subrecipient; and may not retroactively apply such conditions to grant agreements during the effective period of this preliminary injunction. The Enjoined HHS Parties shall immediately take every step necessary to effectuate this order, including without limitation clearing any administrative, operational, or technical hurdles to implementation.

- EPA, all of the EPA operating divisions and agencies, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined EPA Parties"), are enjoined from (1) imposing or enforcing the Federal Grant Conditions or any materially similar terms or conditions at any stage of the grant-making process, including but not limited to in new grant applications, notices of funding availability or opportunity, certifications, grant agreements, or post-award submissions, as to any EPA funds awarded, directly or indirectly, to Plaintiffs or their subrecipients; (2) rescinding, withholding, cancelling, or otherwise not processing EPA grant awards, or pausing, freezing, impeding, blocking, canceling, terminating, delaying, withholding, or conditioning EPA funds, based on such terms or conditions, including without limitation failing or refusing to process and otherwise implement grants signed with changes or other objections to conditions enjoined by this preliminary injunction; (3) requiring Plaintiffs or their subrecipients to make any "certification" or other representation related to compliance with such terms or conditions; or (4) refusing to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit. The Enjoined EPA Parties shall immediately treat any actions taken to implement or enforce the Federal Grant Conditions or any materially similar terms or conditions as to EPA funds awarded, directly or indirectly, to the Plaintiffs or their subrecipients, including but not limited to any delays or withholding of funds based on such conditions, as null, void, and rescinded; while this preliminary injunction is in effect, shall treat as null and void any such conditions included in any

grant agreement executed by any Plaintiff or its subrecipient; and may not retroactively apply such conditions to grant agreements during the effective period of this preliminary injunction. The Enjoined EPA Parties shall immediately take every step necessary to effectuate this order, including without limitation clearing any administrative, operational, or technical hurdles to implementation.

- In order to ensure that all grants are processed before the end of the Federal fiscal year on September 30, 2025, Defendants' counsel shall provide written notice of this Order to all Defendants and their employees by the end of business on the second day after issuance of this Order, and by the end of business on the second day after issuance of this Order, the Defendants shall file on the Court's electronic docket and serve upon Plaintiffs a Status Report documenting the actions that they have taken to comply with this Order, including a copy of the foregoing notice and an explanation as to whom the notice was sent.

**IT IS SO ORDERED.**

Dated:

Hon. Richard Seeborg
UNITED STATES DISTRICT JUDGE