UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF FRESNO, CITY OF EUREKA, CITY OF SOUTH LAKE TAHOE, CITY OF SAINT PAUL, COUNTY OF SACRAMENTO, COUNTY OF MONROE, and THE MONROE COUNTY AIRPORT AUTHORITY,<br><br>    Plaintiffs,<br><br>v.<br><br>SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SEAN DUFFY in his official capacity as Secretary of the U.S. Department of Transportation; the U.S. DEPARTMENT OF TRANSPORTATION; MARCUS J. MOLINARO in his official capacity as the Administrator of the Federal Transit Administration ; the FEDERAL TRANSIT ADMINISTRATION; GLORIA M. SHEPHERD in her official capacity as the Executive Director of the Federal Highway Administration; the FEDERAL HIGHWAY ADMINISTRATION; BRYAN BEDFORD in his official capacity as the Administration of the Federal Aviation Administration; the FEDERAL AVIATION ADMINISTRATION; ROBERT F. KENNEDY, JR. in his official capacity as Secretary of the U.S. Department of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; LEE ZELDIN in his official capacity as Administrator of the Environmental Protection Agency; and the U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>    Defendants. | 3:25-cv-07070 |

**DECLARATION OF CLAUDETTE FERNANDEZ IN SUPPORT OF UNITED STATES RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

I, Claudette Fernandez, hereby declare as follows:

    1.    I am employed by the U.S. Department of Housing and Urban Development ("HUD") as the General Deputy Assistant Secretary ("GDAS") for the Office of Community

1

Planning and Development ("CPD"). I have served in this capacity for almost three years. CPD seeks to develop viable communities by promoting integrated approaches that provide decent housing, a suitable living environment, and expand economic opportunities for low and moderate-income people. The primary means towards this end is the development of partnerships among all levels of government and the private sector, including for-profit and nonprofit organizations. Within CPD is the Community Development Block Grant ("CDBG"), Emergency Solutions Grant ("ESG"), Housing Opportunities for Persons With AIDS ("HOPWA') and HOME Investment Partnerships ("HOME") programs (together, "Programs").

2. My responsibilities and duties include nationally overseeing these programs and guiding leaders who manage that workforce who administer grant funding for each one.

3. My statements are based on my personal knowledge and/or my evaluation of information provided to me in my official capacity; on reasonable inquiry; information obtained from various records, systems, databases; or program employees and information portals maintained and relied upon by HUD in the regular course of business.

4. The CDBG Program provides annual grants on a formula basis to states, cities, counties, and insular areas to develop viable communities by providing decent housing, suitable living environment, and by expanding economic opportunities, principally for low- and moderate-income people. The program is authorized under Title 1 of the Housing and Community Development Act of 1974, Public Law 93-383, as amended 42 U.S.C. § 5301, *et seq*. The CDBG Program was designed to reinforce several important principles of community development: (a) CDBG's flexibility empowers people and communities to design and implement strategies tailored to their own local needs and priorities; (b) CDBG's emphasis on consolidated planning expands and strengthens partnerships among all levels of government and the private sector in enhancing community development; and (c) CDBG's technical assistance activities and set-aside for grantees builds the capacity of these partners to achieve intended program outcomes.

5.  The ESG program provides annual formula grants and is designed to assist people with quickly regaining stability in permanent housing after experiencing a housing crisis and/or homelessness.

6.  HOME provides annual formula grants to state and local governments to create affordable housing for low-income households.

7.  HOPWA provides grants by formula and through competitive awards to states, metropolitan areas, and nonprofit organizations to provide housing assistance and supportive services for low-income persons living with HIV/AIDS and their families. See 42 U.S.C. §§ 12901; 12903.

8.  I have reviewed agency records concerning each HUD CPD grant program that Plaintiffs' Complaint. Those programs are CDBG, ESG, HOPWA and HOME.

9.  Each grant program has varying announcement dates and obligation deadlines as determined by law, and accordingly each grant and grantee have differing grant agreement execution timelines. In general, any grant that must be awarded and obligated must comply with applicable statutes, regulations, and executive orders.

10. For CPD formula programs, the grant agreements HUD issues to each recipient establish the conditions relevant for each grant program for a specific fiscal year. Grant agreements cite all rules, regulations and Federal codes relevant to each program and explain that, by signing, the recipients acknowledge the requirement to administer the program in compliance with those rules and conditions. Accordingly, when applicable grant statutes conflict with grant conditions for specific programs, HUD will not require that grantees follow those conditions.

11. HUD announced the formula allocation amounts for all eligible grantees for FY 25. The grant agreement is for a specific fiscal year, FY 25, and applies the conditions therein to FY 25 funding. Eligible grantees were required to submit a Consolidated Plan and/or Annual Action

Plans for HUD's review, which were due August 16, 2025, which is the statutory deadline for CDBG funds.

12. The grant agreements will contain the following conditions:

  A. "[The Recipient] shall not use grant funds to promote 'gender ideology,' as defined in E.O. 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government";

  B. "[The Recipient] agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of [the False Claims Act, 31 U.S.C. § 3729(b)(4)]";

  C. "[The recipient] certifies that it does not operate any programs that violate any applicable Federal anti-discrimination laws, including Title VI of the Civil Rights Act of 1964"; and

  D. "[The recipient] shall not use any Grant Funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment."

13. The grant agreements also provide that the agreement, the recipient's use of grant funds, and the recipient's operation of projects assisted with grant funds are "governed by" "all current Executive Orders."

14. For Plaintiff, City of Fresno, its Consolidated Plan and/or Annual Action Plan was reviewed and found to be deficient, as set forth in an email, dated August 22, 2025. See Exhibit A. As noted in the email, "[p]ursuant to 24 C.F.R. § 91.500(c), within 15 days of the date of this notice, HUD will notify the city of Fresno of the reasons for disapproval and the actions that the jurisdictions could take for HUD to find the certifications satisfactory. As provided in 24 C.F.R. § 91.500(d), the grantee may resubmit its Plan within 45 days after first notification of the Plan

disapproval." Thus, HUD has until September 6, 2025, to provide its reasons for disapproval, with the City of Fresno having forty-five days thereafter to resubmit its Plan. Historically, HUD permitted grantees to continue to cure plans, if necessary, beyond the first resubmission, if the plan is again disapproved. HUD believes this is consistent with the statutory and regulatory framework as these are mandatory grants. All funds must be executed according to each program's obligation deadline which is generally between 2-3 years from the time of Appropriation enactment. Given that FY 25 formula was calculated to include some prior fiscal year recaptures and obligations, grant agreement execution timeline must take into account obligation deadlines for fiscal years included in their respective allocation amounts.

15. The table below shows their status and next steps:

☐

| Plaintiff | Action Plan Status as of 8/22 | Next Steps |
|---|---|---|
| Fresno, CA | Disapproved | HUD sent an initial notification disapproving Fresno's consolidated plan on 8/22/25. HUD has 15 days from the date of the initial disapproval to notify the City of the reasons for disapproval and the actions the jurisdiction could take for HUD to find the certifications satisfactory. The grantee may resubmit its Plan within 45 days after first notification of the Plan disapproval. During that time frame it has available to resubmit its Plan, HUD's disapproval does not result in any adverse consequences to the City of Fresno.<br><br>**42 USC 12705(c)**<br>**(2) Actions in case of disapproval**<br>If the Secretary disapproves the housing strategy, the Secretary shall immediately notify the jurisdiction of such disapproval. Not later than 15 days after the Secretary's disapproval, the Secretary shall inform the jurisdiction in writing of (A) the reasons for disapproval, and (B) actions that the jurisdiction could take to meet the criteria for approval. If the Secretary fails to inform the jurisdiction of the reasons for disapproval within such 15-day period, the housing strategy shall be deemed to have been approved.<br>**(3) Amendments and resubmission** |

| | | |
|---|---|---|
| | | The Secretary shall, for a period of not less than 45 days following the date of first disapproval, permit amendments to, or the resubmission of, any housing strategy that is disapproved. The Secretary shall approve or disapprove a housing strategy not less than 30 days after receipt of such amendments or resubmission.<br><br>**24 CFR 91.500**<br>*(c) Written notice of disapproval.* Within 15 days after HUD notifies a jurisdiction that it is disapproving its plan, it must inform the jurisdiction in writing of the reasons for disapproval and actions that the jurisdiction could take to meet the criteria for approval. Disapproval of a plan with respect to one program does not affect assistance distributed because of a formula under other programs.<br>(d) *Revisions and resubmission.* The jurisdiction may revise or resubmit a plan within 45 days after the first notification of disapproval. HUD must respond to approve or disapprove the plan within 30 days of receiving the revisions or resubmission. |
| Eureka, CA | Not an entitlement grantee | Not a direct recipient of CPD formula funding, meaning it receives funding through the grant recipient having the grant agreement with HUD. Thus, there is not a direct relationship or grant agreement between HUD and this Plaintiff. Eureka and South Lake Tahoe receive CDBG funds from the State of CA's State CDBG Program. In FY 24, the State received an allocation of ~$30M. The State decides its method of distributing the state CDBG funds to non-entitlements within the state.<br><br>On July 16, 2025, the State had its plan accepted with edits that they resubmitted. |
| South Lake Tahoe, CA | Not an entitlement grantee | Not a direct recipient of CPD formula funding, meaning it receives funding through the grant recipient having the grant agreement with HUD. Thus, there is not a direct relationship or grant agreement between HUD and this Plaintiff. |
| Saint Paul, MN | Accepted with edits | CPD will issue grant agreements to be executed by the grantee first and HUD second. Grant Agreements are anticipated to be issued within 30-60 days after the August 16, 2025, action plan submission plan deadline. |
| Sacramento County, CA | Accepted with edits | Same as Saint Paul, MN; grant Agreements are anticipated to be issued within 30-60 days after the August 16, 2025, action plan submission plan deadline. |

| | | |
|---|---|---|
| Sacramento, CA | Accepted with edits | Same as Saint Paul, MN; grant Agreements are anticipated to be issued within 30-60 days after the August 16, 2025, action plan submission plan deadline. |
| Monroe County, NY | Accepted with edits | Same as Saint Paul, MN; grant Agreements are anticipated to be issued within 30-60 days after the August 16, 2025, action plan submission plan deadline. |

16. HUD has not taken any action to pause or terminate grants provided to any plaintiff city or county, and no previously approved grants are subject to risk of being frozen or terminated at least for the next 14 days and not for the foreseeable future after that.

17. If CPD grantees have questions about grant conditions or other aspects of their grants, they may contact their local CPD field office.

Executed on this 25th day of August 2025 in Washington, D.C.

Claudette Fernandez
Digitally signed by Claudette Fernandez
Date: 2025.08.25 15:31:34 -04'00'

_____
Claudette Fernandez
General Deputy Assistant Secretary
Office of Community Planning & Development
U.S. Department of Housing & Urban Development

# Exhibit A

## Lansing, Mark D

| | |
|---|---|
| **From:** | CPD DAS for Field Operations |
| **Sent:** | Friday, August 22, 2025 2:56 PM |
| **To:** | Karen Jenks; Philip Skei |
| **Cc:** | SFCPDMail; Johnson, Leticia M; Blanco, Rebecca A; Clarke, Adriane J; Anderson, Christian D; CPD DAS for Field Operations |
| **Subject:** | NOTIFICATION: Fresno, CA FY25 Consolidated Plan/Action Plan Disapproval |

Dear Grantee,

This letter serves as formal notice that the U.S. Department of Housing and Urban Development (HUD) is disapproving the city of Fresno California's Consolidated Plan/Action Plan (the Plan) submission in the Integrated Disbursement and Information System (IDIS) for Program Year 2025 pursuant to 24 C.F.R. § 91.500(b).

As noted in Notice CPD-25-02, *Guidance on Submitting Consolidated Plans and Annual Action Plans for Fiscal Year (FY) 2025*, and in accordance with 24 C.F.R. § 91.500(b), HUD may disapprove a plan or a portion of a plan if it is:

1. Inconsistent with the purpose of the Cranston-Gonzalez National Affordable Housing Act (42 U.S.C. § 12703);

2. It is substantially incomplete; or,

3. In the case of a Community Development Block Grant (CDBG) certification under 24 C.F.R. § 91.225(a) and (b) or § 91.235(a) and (b), if it is not satisfactory to the Secretary in accordance with 24 C.F.R. § 570.304, § 570.429(g), or § 570.485(c).

HUD is disapproving on the basis that the Plan, as submitted, is substantially incomplete. HUD has determined that the CDBG certifications are not satisfactory under the stated regulations. Thus, the CDBG portion of the Plan is disapproved. Consistent with 24 C.F.R. § 91.500(c), disapproval of a plan with respect to one program does not affect assistance distributed based on a formula under other programs.

Pursuant to 24 C.F.R. § 91.500(c), within 15 days of the date of this notice, HUD will notify the city of Fresno of the reasons for disapproval and the actions that the jurisdictions could take for HUD to find the certifications satisfactory. As provided in 24 C.F.R. § 91.500(d), the grantee may resubmit its Plan within 45 days after first notification of the Plan disapproval.

If you should have any questions, please reach out to the Office of Community Planning and Development Office of Field Operations at CPDDASforFieldOperations@hud.gov.