| | |
|---|---|
| ANDREW JANZ (SBN 287672)<br>Fresno City Attorney<br>andrew.janz@fresno.gov<br>CITY OF FRESNO<br>2600 Fresno Street<br>Fresno, CA 93721<br>Telephone: (559) 621-7500<br>Facsimile: (559) 457-1084<br>*Attorney for Plaintiff*<br>CITY OF FRESNO | JONATHAN V. HOLTZMAN (SBN 99795)<br>jholtzman@publiclawgroup.com<br>JAMES R. ROSS (SBN 149199)<br>jross@publiclawgroup.com<br>RYAN P. McGINLEY-STEMPEL (SBN 296182)<br>rmcginleystempel@publiclawgroup.com<br>JAKE D. FREITAS (SBN 341837)<br>jfreitas@publiclawgroup.com<br>MARIBEL LOPEZ (SBN 340907)<br>mlopez@publiclawgroup.com<br>RENNE PUBLIC LAW GROUP<br>350 Sansome Street, Suite 300<br>San Francisco, California 94104<br>Telephone: (415) 848-7200<br>Facsimile: (415) 848-7230<br>*Attorneys for Plaintiffs*<br>CITY OF FRESNO; CITY OF EUREKA; CITY OF SOUTH LAKE TAHOE; COUNTY OF SACRAMENTO; COUNTY OF MONROE; MONROE COUNTY AIRPORT AUTHORITY; COUNTY OF SAN DIEGO, COUNTY OF MARIN, CITY OF ALAMEDA, CITY OF REDWOOD CITY |
| YIBIN SHEN (SBN 233545)<br>Alameda City Attorney<br>yshen@alamedaca.gov<br>CARA SILVER (SBN 136992)<br>Special Counsel<br>csilver@alamedaca.gov<br>DANIEL J. TURNER (SBN 336499)<br>Deputy City Attorney<br>dturner@alamedaca.gov<br>2263 Santa Clara Avenue, Rm 280<br>Alameda, CA 94501<br>Telephone: (510) 747-4750<br>*Attorneys for Plaintiff*<br>CITY OF ALAMEDA | MELISSA C. ALLISON (MA Bar No. 657470)*<br>mallison@andersonkreiger.com<br>CHRISTINA S. MARSHALL (MA Bar No. 688348)*<br>cmarshall@andersonkreiger.com<br>ANDERSON & KREIGER LLP<br>50 Milk Street, Floor 21<br>Boston, MA 02109<br>Telephone: (617) 621-6500<br>*Attorneys for Plaintiffs*<br>COUNTY OF MONROE<br>MONROE COUNTY AIRPORT AUTHORITY<br>* *Appearing pro hac vice* |
| BRIAN E. WASHINGTON (SBN 146807)<br>Marin County Counsel<br>KATE K. STANFORD (SBN 302825)<br>Deputy County Counsel<br>kate.stanford@marincounty.gov<br>EDWARD F. SEARS (SBN 297775)<br>Deputy County Counsel<br>ned.sears@marincounty.gov<br>OFFICE OF THE COUNTY COUNSEL<br>COUNTY OF MARIN<br>3501 Civic Center Drive, Room 275<br>San Rafael, CA 94903<br>Telephone: (415) 473-6117<br>Facsimile: (415) 473-3796<br>*Attorneys for Plaintiff*<br>COUNTY OF MARIN | LYNDSEY OLSON (MN Lic. #0332288)*<br>Saint Paul City Attorney<br>Lyndsey.olsen@ci.stpaul.mn.us<br>KELSEY MCELVEEN (MN Lic. #0396744)*<br>Assistant City Attorney<br>Kelsey.McElveen@ci.stpaul.mn.us<br>SAINT PAUL CITY ATTORNEY'S OFFICE<br>400 City Hall and Courthouse<br>15 Kellogg Boulevard West<br>Saint Paul, Minnesota 55102<br>Telephone: (651) 266-8710<br>Facsimile: (651) 298-5619<br>*Attorneys for Plaintiff*<br>CITY OF SAINT PAUL<br>* *Appearing pro hac vice* |

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF FRESNO; CITY OF EUREKA; CITY OF SOUTH LAKE TAHOE; CITY OF SAINT PAUL; COUNTY OF SACRAMENTO; COUNTY OF MONROE; MONROE COUNTY AIRPORT AUTHORITY; COUNTY OF SAN DIEGO, COUNTY OF MARIN; CITY OF ALAMEDA; CITY OF REDWOOD CITY,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SEAN DUFFY in his official capacity as Secretary of the U.S. Department of Transportation; the U.S. DEPARTMENT OF TRANSPORTATION; MARCUS J. MOLINARO in his official capacity as the Administrator of the Federal Transit Administration ; the FEDERAL TRANSIT ADMINISTRATION; GLORIA M. SHEPHERD in her official capacity as the Executive Director of the Federal Highway Administration; the FEDERAL HIGHWAY ADMINISTRATION; BRYAN BEDFORD in his official capacity as the Administration of the Federal Aviation Administration; the FEDERAL AVIATION ADMINISTRATION; ROBERT F. KENNEDY, JR. in his official capacity as Secretary of the U.S. Department of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; LEE ZELDIN in his official capacity as Administrator of the Environmental Protection Agency; and the U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendants. | Case No.: 3:25-cv-07070-RS<br><br>**SUPPLEMENTAL DECLARATION OF JENNIFER OTT IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint Filed: August 20, 2025<br>FAC Filed: September 8, 2025<br><br>Hon. Richard Seeborg<br><br>Hearing Date:  September 23, 2025<br>Hearing Time:  1:30 p.m.<br>Location:  Zoom Videoconference |

I, Jennifer Ott, declare and state the following:

1. I am over 18 years of age. I have personal knowledge of the facts set forth in this declaration and am otherwise competent to testify to the matters contained herein.

2. I am currently the appointed City Manager for the City of Alameda (City). I have held this position for two years since January 2023. In my role, I am responsible for the administration of the City, including overseeing the City's departments and department heads, implementing City policies, ensuring the provision of City services, and managing the City's budget, which includes securing and administering grants as part of the City's revenue for services and capital improvement projects.

3. On September 11, 2025, the City received its Community Development Block Grant Program ("CDBG") agreement along with a Fiscal Year 2025 Grant Agreement Transmittal letter (the "letter") via email with instructions to execute agreements by September 21 to avoid funding delays. In addition, the email stated in bold lettering:

> **No additions/modifications other than those described here (or in the Transmittal Letter) should be made to the grant agreement without prior written approval.**

4. The letter stated that "HUD recognizes that U.S. District Courts have issued injunction orders which impact certain FY 2025 . . . grant agreement(s)." The letter also indicated that "[t]o preserve all legal rights and defenses, the enclosed grant agreement contains the same conditions at issue in those court actions." Furthermore, HUD confirmed that it "intends to comply with all applicable injunction orders and will not implement or enforce the challenged conditions consistent with . . . court orders" for plaintiffs involved. HUD also stated that funds subject to court orders would be made available to plaintiffs. Lastly, HUD qualified "that should the injunction orders . . . be stayed, dissolved, or reversed, the grant agreement, with conditions, will automatically become effective." Attached is a true and correct copy of the Fiscal Year 2025 Grant Agreement Transmittal from HUD as **Exhibit A**.

5. The CDBG agreement for $1,096,362 includes an addendum titled "ADDENDUM 1. POLICY REQUIREMENTS." The list of policy requirements includes Executive Orders and Immigration enforcement conditions at issue in this case:

-3-

SUPP. DECLARATION OF OTT IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
CASE NO.: 3:25-CV-07070-RS

a. Grant funds will not be used "to promote 'gender ideology'" pursuant to Executive Order 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government.

b. Grant funds will not be used "to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment."

c. The Grant must be administered "in accordance with all applicable immigration restrictions and requirements, including Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA") and any applicable requirements . . . HUD, the Attorney General, or the U.S. Citizenship and Immigration Services . . . establish . . . to comply with PWORA, Executive Order 14218 [(Ending Taxpayer Subsidization of Open Borders)], or other Executive Orders or immigration laws."

d. Grant funds will not be used "in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or shields illegal aliens from deportation, including maintaining policies or practices that materially impede enforcement of federal immigration statutes and regulations."

e. Grantee "must use SAVE, or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien."

Attached is a true and correct copy of the Fiscal Year 2025 CDBG Grant Agreement as **Exhibit B**.

6. On September 16, the City, through counsel, made a request to HUD's counsel to extend the September 21 deadline to October 1, 2025. HUD agreed to extend the execution deadline to September 25.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct to the best of my knowledge, and that this declaration was executed
3  in California, on September 19, 2025.

Signed by:

Jennifer Ott
City Manager
City of Alameda

SUPP. DECLARATION OF OTT IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION
CASE NO.: 3:25-CV-07070-RS

# EXHIBIT A

**From:** Hammel, Lee <Lee.Hammel@hud.gov>
**Sent:** Thursday, September 11, 2025 5:16:55 PM
**To:** C'Mone Falls <cfalls@alamedaca.gov>; Grecia Mannah-Ayon <gmannahayon@alamedaca.gov>
**Cc:** Clarke, Adriane J <Adriane.J.Clarke@hud.gov>; Johnson, Leticia M <Leticia.M.Johnson@hud.gov>; Yee, Shirley <Shirley.Yee@hud.gov>; Yarbrough, Armani D <Armani.D.Yarbrough@hud.gov>; katie.alducin <katie.alducin@acgov.org>; Andre Fairley <afairley@alamedaca.gov>
**Subject:** [EXTERNAL] City of Alameda FY25 Formula Grant Agreements

Hello,

Please find your FY2025 CPD Formula Grant Agreements and Transmittal Letter attached. New for this year, grantees sign all grant agreements first, followed by HUD signature, so you are receiving grant agreements that are unsigned by HUD. Once processed, our Office will provide you with the fully executed grant agreements for your records. **Please sign and return as soon as possible.**

Please note that there is a processing pause from September 25 until late October to accommodate year-end financial reconciliation. Any grant agreements returned after <mark>September 21</mark> (or incomplete/insufficient) may not be contracted until late October. Funds cannot be drawn until your grant has been contracted.

**IMPORTANT** reminders regarding grant agreement processing:

- ***No additions/modifications other than those described here (or in the Transmittal Letter) should be made to the grant agreements without prior written approval.***
- The signature block **must** include the Name **and** Title of the Authorized Official, along with Signature and Date.
- Please do not enter any information in Boxes 1-23—our Office will complete needed inputs based on the HUD signature date.
- The Indirect Cost Rate Addendum (Addendum 3**) must** be completed for each grant agreement (even if no indirect costs will be charged under the grant).
- Return a full grant agreement package, including all addenda (we need all pages).
- Your organization's UEI status must be active in SAM.gov (if it becomes expired, it will need to be renewed before HUD can process your agreement(s)).
- Submit the executed, fully completed grant agreements to *sfcpdmail@hud.gov* for processing.

2

We ask that you adhere to these important processing reminders, otherwise, your agreements will be returned for correction, which will delay the processing of your award and access to funds.

Thank you for your continued partnership and let us know if you have any questions.

Best,
Lee

**Lee Hammel**
CPD Representative
U.S. Department of Housing and Urban Development
Community Planning and Development Division
San Francisco Regional Office
One Sansome Street, Suite 1200
San Francisco, CA 94104-4430
*Lee.Hammel@hud.gov*



 



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
OFFICE OF COMMUNITY PLANNING AND DEVELOPMENT
San Francisco Field Office
One Sansome Street, Suite 1200
San Francisco, CA 94104

The Honorable Marilyn Ezzy Ashcraft
Mayor of Alameda
2263 Santa Clara Avenue
Alameda, CA 94501

**SUBJECT: Fiscal Year 2025 Grant Agreement Transmittal**

Dear The Honorable Marilyn Ezzy Ashcraft:

The San Francisco Field Office would like to thank you for your continued partnership in providing quality affordable housing, a suitable living environment, and expanding economic opportunities through the Department of Housing and Urban Development (HUD) programs.

One Grant Agreement is attached for each program awarded as follows:

| | |
|---|---|
| Community Development Block Grant Program (CDBG) | $1,096,362.00 |
| | |
| | |
| | |
| | |
| | |
| **Total FY 2025 Award** | **$1,096,362.00** |

**Federal Award Agreement**

Transmittal of a grant agreement does not constitute approval of the activities described in your Consolidated Plan or Annual Action Plan. You are reminded that you, as grantee, are responsible for ensuring that all grant funds are used in accordance with all program requirements. By executing the Federal Award Agreement, you are entering into a legally binding agreement with HUD to use the awarded funds and carry out the funded activities in accordance with all Federal statutes, regulations, Federal Register notices, and award terms and conditions that apply to those funds and activities.

Please carefully note the addenda that are part of each agreement.

- Addendum 1. Policy Requirements
- Addendum 2. Program-Specific Requirements
- Addendum 3. Indirect Cost Rate Schedule

HUD recognizes that some U.S. District Courts have issued injunction orders which impact certain FY 2025 CPD formula funding grant agreement(s). To preserve all legal rights and defenses, the enclosed grant agreement contains the same conditions at issue in those court actions. For grantees who are plaintiffs in those court actions, HUD intends to comply with all applicable injunction orders and will not implement or enforce the challenged conditions

consistent with those court orders, including disregarding any "certifications" or "compliance" statements. Please return an executed copy of the grant agreement, as discussed below, and HUD will make grant funds at issue in your agreement available consistent with all applicable orders. Please be advised that should the injunction orders that currently prohibit HUD from enforcing the challenged conditions as to your grant be stayed, dissolved, or reversed, the grant agreement, with conditions, will automatically become effective.

**Executing the Agreement**

The authorized official **must** complete Addendum 3. Indirect Cost Rate Schedule for each agreement, even if no indirect costs will be charged under the grant. Please mark one (and only one) checkbox to reflect how indirect costs will be calculated and charged under the grant. Please note that the Office of Management and Budget (OMB) issued revised Guidance and the *de minimis* indirect cost rate increased from 10 percent to up to 15 percent of Modified Total Direct Costs.

After inputting their name and title, the authorized official must execute each agreement, with a signature, and date. No other additions other than those described here should be made to the grant agreement without prior written approval. Please ensure the Chief Elected Official or authorized official signs the agreement.

You must return the entire Federal Award Agreement, including all addenda, to this office via the Field Office General Email Inbox: sfcpdmail@hud.gov. HUD will be signing the grant agreement second and will return to your office a copy of each signed agreement for you to maintain in your local program files.

HUD congratulates the City of Alameda on your grant award(s), and we look forward to assisting you in accomplishing your program goals. If you have any questions or need further information or assistance, please contact your assigned Field Office representative or email our Office at sfcpdmail@hud.gov.

Sincerely,

*Leticia Johnson*

Leticia Johnson
CPD Director (Acting)
Office of Community Planning and
 Development

Enclosure(s)

2

# EXHIBIT B

## U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
OFFICE OF COMMUNITY PLANNING AND DEVELOPMENT
**FEDERAL AWARD AGREEMENT**

### A. General Federal Award Information

| | |
|---|---|
| 1. Recipient name (must match Unique Entity Identifier name) and address:<br>Alameda<br>2263 SANTA CLARA AVENUE<br>Alameda, CA 94501 | 12. Assistance listing number and title:<br>• 14.218, Community Development Block Grant Program for Entitlement Communities<br>• 14.225, Community Development Block Grant Program for Insular Areas<br>• 14.228, Community Development Block Grant Program for States and Non-Entitlement Grants in Hawaii |
| 2. Recipient's Unique Entity Identifier:<br>MGXCH5V9U5C5 | 13. Amount of federal funds obligated by this action:<br>$1,096,362.00 |
| 3. Tax identification number:<br>946000288 | 14. Total amount of federal funds obligated:<br>$1,096,362.00 |
| 4. Federal Award Identification Number (FAIN):<br>B25MC060007 | 15. Total approved cost sharing (if applicable):<br>N/A |
| 5. Instrument type:<br>Grant ☒    Cooperative agreement ☐<br>Loan Guarantee ☐ | 16. Total federal award amount, including approved cost sharing:<br>$1,096,362.00 |
| 6. Period of performance start and end date:<br>10/1/2024 - See Addendum 2 | 17. Budget approved by HUD: |
| 7. Budget period start and end date:<br>10/1/2024 - See Addendum 2 | 18. Fiscal year:<br>2025 |
| 8. Initial Agreement ☒    Amendment ☐ # | 19. Statutory authority:<br>42 U.S.C. 5301 et seq. |
| 9. Indirect cost rate (per § 200.414):<br>Recipients must complete Addendum 3: Indirect Cost Rate Schedule | 20. Applicable appropriations act(s):<br>Public Law 119-4 |
| 10. Is this award for research and development (per 2 C.F.R. § 200.1)? Yes ☐   No ☒ | 21. Notice/notice of funding opportunity this award is made under (if applicable):<br>N/A |
| 11. Awarding official name and contact information: | 22. Program regulations (if applicable):<br>24 C.F.R. Part 570 |
| 23. Federal award description:<br>The CDBG program provides funding to eligible grantees for the development of viable urban communities, by providing decent housing and a suitable living environment and expanding economic opportunities, principally for persons of low and moderate income.<br><br>• Addendum 1. Policy Requirements<br>• Addendum 2. Program-Specific Requirements<br>• Addendum 3. Indirect Cost Rate Schedule | |

*Authority and Agreement.* This agreement between the U.S. Department of Housing and Urban Development (HUD) and the Recipient is made pursuant to the statutory authority above (box 19) and is subject to the applicable appropriations act(s) (box 20). This agreement incorporates by reference the Community Development Block Grant program statute 42 U.S.C. 5301 et seq., the program regulations at 24 C.F.R. § 570 (as now in effect and as may be

U.S. Department of Housing and Urban Development — Federal Award Agreement

amended from time to time), Recipient's consolidated plan/action plan, the relevant funding notice (box 21), any attached Specific Terms and Conditions, and the attached addenda (box 23).

**B. Terms and Conditions**

1. *General terms and requirements*. The Recipient must comply with all applicable federal laws, regulations, and requirements, unless otherwise provided through HUD's formal waiver authorities. This agreement, including any attachments and addenda, may only be amended in writing executed by parties to this agreement and any addenda.

2. *Administrative requirements*. The Recipient must comply with the following requirement(s) if checked below:

    ☐ The administrative requirements in the HUD General Administrative, National, and Departmental Policy Requirements and Terms for HUD's Financial Assistance Programs 2025, as indicated in the relevant NOFO, apply to this agreement.

    ☒ The grantee shall comply with requirements established by the Office of Management and Budget (OMB) concerning the Unique Entity Identifier (UEI); the System for Award Management (SAM.gov.); the Federal Funding Accountability and Transparency Act as provided in 2 C.F.R. part 25, Universal Identifier and General Contractor Registration; and 2 C.F.R. part 170, Reporting Subaward and Executive Compensation Information.

3. *Applicability of 2 C.F.R. part 200*.
    ☒ The Recipient must comply with the applicable requirements at 2 C.F.R. part 200, as may be amended from time to time. If any previous or future amendments to 2 C.F.R. part 200 replace or renumber any part 200 section cited in HUD's regulations in Title 24 of the Code of Federal Regulations, the amended part 200 requirements will govern award activities carried out after the amendments' effective date.

    ☐ The Recipient must comply with the applicable requirements at 2 C.F.R. part 200. If any previous amendments to 2 C.F.R. part 200 replace or renumber any part 200 section cited in HUD's regulations in Title 24 of the Code of Federal Regulations, the amended part 200 requirements will govern award activities carried out after the amendments' effective date.

4. *Future budget periods*. If the period of performance spans multiple budget periods, subsequent budget periods are subject to the availability of funds, program authority, satisfactory performance, and compliance with the terms and conditions of the Federal award.

5. *Indirect Cost Rate*. If the Recipient intends to use a negotiated or de minimis rate for indirect costs, the Recipient must submit an Indirect Cost Rate form to HUD, either with its application using HUD-426 (competitive grants) or with this agreement using "Addendum #3 "Indirect Cost Rate Schedule" (formula and congressional grants). The submitted form/addendum will be incorporated into and made part of this agreement, provided that the rate information is consistent with the applicable requirements under 2 C.F.R. § 200.414. If there is any change in the Recipient's indirect cost rate, it must immediately notify HUD and execute an amendment to this agreement to reflect the change if necessary.

6. *Recipient integrity and performance matters*. If the Federal share of this award is more than $500,000 over the period of performance (box 6), the terms and conditions in 2 C.F.R. part 200 Appendix XII apply to this agreement.

7. *Recordkeeping and Access to Records*. The Recipient hereby agrees to maintain complete and accurate books of account for this award and award activities in such a manner as to permit the preparation of statements and reports in accordance with HUD requirements, and to permit timely and effective audit. The Recipient agrees to furnish HUD such financial and project reports, records, statements, subrecipient data, and documents at such times, in such form, and accompanied by such reporting data as required by HUD. HUD and its duly authorized representative shall have full and free access to all Recipient offices and facilities, and to all books, documents, and records of the Recipient relevant to the administration, receipt, and use of this award and award activities, including the right to audit and make copies. The Recipient agrees to maintain records that identify the source and application of funds, including relevant subrecipient data, in

such a manner as to allow HUD to determine that all funds are and have been expended in accordance with program requirements and in a manner consistent with applicable law.

Further, the Recipient hereby acknowledges that HUD is in the process of implementing new grants management and reporting tools, which will be made available for the Recipient's use in the future. The Recipient agrees to report on grant performance and financial activities (including vendor and cash disbursement supporting details for the Recipient and its subrecipients) using these new tools when they are released. HUD will work with the Recipient to support the Recipient's transition to this new reporting environment. Once implemented, timely reporting in this new environment will be mandatory. HUD reserves the right to exercise all of its available rights and remedies for any noncompliance with these grants management and financial reporting requirements, to include, without limitation, requiring 100% review, suspension of disbursements, and all other legally available remedies, to the furthest extent permitted by law, as amended.

8. *Noncompliance.* If the Recipient fails to comply with the provisions of this agreement, HUD may take one or more of the actions provided in program statutes, regulations or 2 C.F.R. § 200.339, as applicable. Nothing in this agreement shall limit any remedies otherwise available to HUD in the case of noncompliance by the Recipient. No delay or omissions by HUD in exercising any right or remedy available to it under this agreement shall impair any such right or remedy or constitute a waiver of or acquiescence in any Recipient noncompliance.

9. *Termination provisions.* Unless superseded by program statutes, regulations or NOFOs, the termination provisions in 2 C.F.R. § 200.340 apply.

10. *Build America, Buy America.* The Recipient must comply with the requirements of the Build America, Buy America (BABA) Act, 41 U.S.C. § 8301 note, and all applicable rules and notices, as may be amended, if applicable. Pursuant to HUD's Notice, "Public Interest Phased Implementation Waiver for FY 2022 and 2023 of Build America, Buy America Provisions as Applied to Recipients of HUD Federal Financial Assistance" (88 Fed. Reg. 17001), BABA requirements apply to any infrastructure projects HUD has obligated funds for after the effective dates, unless excepted by a waiver.

11. *Waste, Fraud, Abuse, and Whistleblower Protections.* Any person who becomes aware of the existence or apparent existence of fraud, waste, or abuse of any HUD award must report such incidents to both the HUD official responsible for the award and to HUD's Office of Inspector General (OIG). Allegations of fraud, waste, and abuse related to HUD programs can be reported to the HUD OIG hotline via phone at 1-800-347-3735 or online hotline form. The Recipient must comply with 41 U.S.C. § 4712, which includes informing employees in writing of their rights and remedies, in the predominant native language of the workforce. Under 41 U.S.C. § 4712, employees of a government contractor, subcontractor, recipient, and subrecipient—as well as a personal services contractor—who make a protected disclosure about a Federal award or contract cannot be discharged, demoted, or otherwise discriminated against if they reasonably believe the information they disclose is evidence of (1) gross mismanagement of a Federal contract or award; (2) waste of Federal funds; (3) abuse of authority relating to a Federal contract or award; (4) substantial and specific danger to public health and safety; or (5) violations of law, rule, or regulation related to a Federal contract or award.

12. *Third-Party Claims.* Nothing in this agreement shall be construed as creating or justifying any claim against the federal government or the Recipient by any third party.

13. *Rule of Construction and No Construction Against Drafter.* Notwithstanding anything contained in this agreement, the terms and conditions hereof are to be construed to have full and expansive effect in both interpretation and application, and the parties agree that the principle of interpretation that holds that ambiguities in terms or conditions are construed against the drafter shall not apply in interpreting this agreement.

## C. Federal Award Performance Goals
The Recipient must meet any applicable performance goals, indicators, targets, and baseline data as required by applicable program requirements.

U.S. Department of Housing and Urban Development — Federal Award Agreement

**D. Specific Terms and Conditions**     Not applicable ☒    Attached ☐

| For the U.S. Department of HUD (name and title of authorized official) | Signature | Date |
|---|---|---|
| For the Recipient (name and title of authorized official) | Signature | Date |

[14.218, 14.225, 14.228, CDBG, FY 2025]     Page 4 of 8

U.S. Department of Housing and Urban Development — Federal Award Agreement

**ADDENDUM 1. POLICY REQUIREMENTS**

If applicable:

1. The Recipient shall not use grant funds to promote "gender ideology," as defined in Executive Order (E.O.) 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government;

2. The Recipient agrees that its compliance in all respects with all applicable Federal anti-discrimination laws is material to the U.S. Government's payment decisions for purposes of section 3729(b)(4) of title 31, United States Code;

3. The Recipient certifies that it does not operate any programs that violate any applicable Federal anti-discrimination laws, including Title VI of the Civil Rights Act of 1964;

4. The Recipient shall not use any grant funds to fund or promote elective abortions, as required by E.O. 14182, Enforcing the Hyde Amendment; and that,

5. Notwithstanding anything in the NOFO or Application, this Grant shall not be governed by Executive Orders revoked by E.O. 14154, including E.O. 14008, or NOFO requirements implementing Executive Orders that have been revoked.

6. The Recipient must administer its grant in accordance with all applicable immigration restrictions and requirements, including the eligibility and verification requirements that apply under title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, as amended (8 U.S.C. 1601-1646) (PRWORA) and any applicable requirements that HUD, the Attorney General, or the U.S. Citizenship and Immigration Services may establish from time to time to comply with PRWORA, Executive Order 14218, or other Executive Orders or immigration laws.

7. No state or unit of general local government that receives funding under this grant may use that funding in a manner that by design or effect facilitates the subsidization or promotion of illegal immigration or shields illegal aliens from deportation, including by maintaining policies or practices that materially impede enforcement of federal immigration statutes and regulations.

8. The Recipient must use SAVE, or an equivalent verification system approved by the Federal government, to prevent any Federal public benefit from being provided to an ineligible alien who entered the United States illegally or is otherwise unlawfully present in the United States.

9. Faith-based organizations may be subrecipients for funds on the same basis as any other organization. Recipients may not, in the selection of subrecipients, discriminate against an organization based on the organization's religious character, affiliation, or exercise.

U.S. Department of Housing and Urban Development — Federal Award Agreement

**ADDENDUM 2. PROGRAM-SPECIFIC REQUIREMENTS**

**Assistance Listing 14.218, Community Development Block Grant Program for Entitlement Communities**

**Assistance Listing 14.225, Community Development Block Grant Program for Insular Areas**

**Assistance Listing 14.228, Community Development Block Grant Program for States and Non-Entitlement Grants in Hawaii**

1. *Environmental Review.* The Recipient agrees to assume all the responsibilities for environmental review, decision making, and actions, as specified and required in regulations issued by the Secretary pursuant to section 104(g) of title I of the Housing and Community Development Act of 1974 and published in 24 C.F.R. part 58; except that if the Recipient is a state, the Recipient must require the unit of general local government to assume that responsibility and must comply with the state's responsibilities under 24 C.F.R. 58.4.

2. *Public Use.* The Recipient shall ensure that no CDBG funds are used to support any Federal, State, or local projects that seek to use the power of eminent domain, unless eminent domain is employed only for public use. For the purposes of this requirement, public use shall not be construed to include economic development that primarily benefits private entities. Any use of funds for mass transit, railroad, airport, seaport, or highway projects as well as utility projects that benefit or serve the general public (including energy-, communication-, water-, and wastewater-related infrastructure), other structures designated for use by the general public or which have other common-carrier or public-utility functions that serve the general public and are subject to regulation and oversight by the government, and projects for the removal of an immediate threat to public health and safety or brownfield as defined in the Small Business Liability Relief and Brownfields Revitalization Act (Pub. Law No. 107–118) shall be considered a public use for purposes of eminent domain.

3. *Prohibition on Selling, Trading, and Transferring Funds.* The Recipient or unit of general local government that directly or indirectly receives CDBG funds may not sell, trade, or otherwise transfer all or any such portion of such funds to another such entity in exchange for any other funds, credits or non-Federal considerations, but must use such funds for activities eligible under title I of the Housing and Community Development Act of 1974.

4. *Construction of Water and Sewer Facilities.* Notwithstanding any other provision of this agreement, the Recipient may not obligate or expend award funds to plan or construct water or sewer facilities, including any new or revised activities, until after 1) it completes the review procedures required under Executive Order 12372, Intergovernmental Review of Federal Programs, and 24 C.F.R. part 52 and 2) HUD provides written notice of the release of funds.

5. *Funds for For-Profit Entities.* Under 42 U.S.C. § 5305(a)(17), CDBG funds may not be provided to a for-profit entity unless such activity or project has been evaluated and selected in accordance with Appendix A to 24 C.F.R. § 570, *Guidelines and Objectives for Evaluating Project Costs and Financial Requirements*.

6. *Violence Against Women Act.* The Recipient will comply with the right to report crime and emergencies protections at 34 U.S.C. § 12495 of the Violence Against Women Act.

U.S. Department of Housing and Urban Development — Federal Award Agreement

7. Funding Information and Period of Performance and Budget Period End Dates

| Source of Funds | Amount | Period of Performance End Date | Budget Period End Date |
|---|---|---|---|
| 2025 | $1,096,362.00 | 9/30/2033 | 9/30/2033 |

U.S. Department of Housing and Urban Development — Federal Award Agreement

**ADDENDUM 3. INDIRECT COST RATE SCHEDULE**

As the duly authorized representative of the Recipient, I certify that the Recipient:

- ☐ Will not use an indirect cost rate to calculate and charge indirect costs under the grant.
- ☐ Will calculate and charge indirect costs under the grant by applying a *de minimis* rate as provided by 2 C.F.R. § 200.414(f), as may be amended from time to time.
- ☐ Will calculate and charge indirect costs under the grant using the indirect cost rate(s) listed below, and each rate listed is included in an indirect cost rate proposal developed in accordance with the applicable appendix to 2 C.F.R. part 200 and, *if required*, was approved by the cognizant agency for indirect costs.

| Agency/department/major function | Indirect cost rate | Type of Direct Cost Base |
|---|---|---|
|  | % |  |
|  | % |  |
|  | % |  |

Instructions for the Recipient:
The Recipient must mark the one (and only one) checkbox above that best reflects how the Recipient's indirect costs will be calculated and charged under the grant. Do not include indirect cost rate information for subrecipients.

The table following the third box must be completed only if that box is checked. When listing a rate in the table, enter both the percentage amount (e.g., 10%) and the type of direct cost base to be used. For example, if the direct cost base used for calculating indirect costs is Modified Total Direct Costs, then enter "MTDC" in the "Type of Direct Cost Base" column.

If using the Simplified Allocation Method for indirect costs, enter the applicable indirect cost rate and type of direct cost base in the first row of the table.

If using the Multiple Allocation Base Method, enter each major function of the organization for which a rate was developed and will be used under the grant, the indirect cost rate applicable to that major function, and the type of direct cost base to which the rate will be applied.

If the Recipient is a government and more than one agency or department will carry out activities under the grant, enter each agency or department that will carry out activities under the grant, the indirect cost rate(s) for that agency or department, and the type of direct cost base to which each rate will be applied.

To learn more about the indirect cost requirements, see 2 C.F.R. part 200, subpart E and Appendix VII to Part 200 (for state and local governments).