| | |
|---|---|
| JONATHAN V. HOLTZMAN (SBN 99795) | DAVID CHIU (SBN 189542) |
| jholtzman@publiclawgroup.com | City Attorney |
| JAMES R. ROSS (SBN 149199) | YVONNE R. MERÉ (SBN 175394) |
| jross@publiclawgroup.com | Chief Deputy City Attorney |
| RYAN P. McGINLEY-STEMPEL (SBN 296182) | MOLLIE M. LEE (SBN 251404) |
| rmcginleystempel@publiclawgroup.com | Chief of Strategic Advocacy |
| JAKE D. FREITAS (SBN 341837) | SARA J. EISENBERG, SBN 269303 |
| jfreitas@publiclawgroup.com | Chief of Complex and Affirmative Litigation |
| MARIBEL LOPEZ (SBN 340907) | RONALD H. LEE (SBN 238720) |
| mlopez@publiclawgroup.com | Deputy City Attorney |
| TAYLOR EVANS (SBN 355492) | Fox Plaza |
| tevans@publiclawgroup.com | 1390 Market Street, 7th Floor |
| RENNE PUBLIC LAW GROUP | San Francisco, CA 94102-5402 |
| 350 Sansome Street, Suite 300 | Telephone: (415) 554-3935 |
| San Francisco, California 94104 | Facsimile: (415) 437-4644 |
| Telephone: (415) 848-7200 | ronald.lee@sfcityatty.org |
| Facsimile: (415) 848-7230 | |

Attorneys for Plaintiffs in *Housing Authority of County of San Diego et al. v. Turner et al.*, Case No. 4:25-cv-08859-KAW
HOUSING AUTHORITY OF THE COUNTY OF SAN DIEGO; HOME FORWARD; HOUSING AUTHORITY OF THE CITY OF LOS ANGELES; LOS ANGELES COUNTY DEVELOPMENT AUTHORITY; HOUSING AUTHORITY OF THE CITY OF SALEM; HOUSING AUTHORITY OF BALTIMORE CITY; SAN DIEGO HOUSING COMMISSION

JUHI S. AGGARWAL (OSB No. 130764)*
juhi.aggarwal@homeforward.org
HOME FORWARD
135 SW Ash Street
Portland, OR 97204
Telephone: 503-545-5090

Attorney for Plaintiff in *Housing Authority of County of San Diego et al. v. Turner et al.*, Case No. 4:25-cv-08859-KAW
HOME FORWARD
*Application for admission pro hac vice forthcoming*

Attorneys for Plaintiff in *Housing Authority of County of San Diego et al. v. Turner et al.*, Case No. 4:25-cv-08859-KAW
HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO

DANIEL B. ATCHISON (OSB No. 040424)*
datchison@cityofsalem.net
THOMAS V. CUPANI (OSB No. 924654)*
tcupani@cityofsalem.net
City of Salem, Legal Department
PO Box 14300
Salem, Oregon 97309-3986
Telephone: (503) 588-6003
Facsimile: (503) 361-2202

Attorneys for Plaintiff in *Housing Authority of County of San Diego et al. v. Turner et al.*, Case No. 4:25-cv-08859-KAW
HOUSING AUTHORITY OF THE CITY OF SALEM
*Application for admission pro hac vice forthcoming*

MICHAEL BUENNAGEL (SBN 259000)
MBuennagel@counsel.lacounty.gov
THOMAS FAUGHAN (SBN 155238)
tfaughnan@counsel.lacounty.gov
BEHNAZ TASHAKORIAN (SBN 213311)*
Btashakorian@counsel.lacounty.gov
Office of the County Counsel
County of Los Angeles
Kenneth Hahn Hall of Administration
500 West Temple Street #648
Los Angeles, CA 90012
Telephone: (213) 974-1811
*Application for Northern District Admission forthcoming*

Attorneys for Plaintiffs in *Housing Authority of County of San Diego et al. v. Turner et al.*, Case No. 4:25-cv-08859-KAW
LOS ANGELES COUNTY DEVELOPMENT AUTHORITY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF FRESNO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SCOTT TURNER, et al.,<br><br>    Defendants. | Case No. 3:25-cv-07070-RS<br><br>Assigned to the Honorable Richard Seeborg<br><br>**ADMINSTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)** |

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs in the recently-filed action, *Housing Authority of the County of San Diego, et al. v. Turner, et al.*, Case No. 4:25-cv-08859-KAW ("*Housing Authority*"), hereby file this administrative motion to consider whether that case should be related to this action, *City of Fresno et al. v. Turner et al.*, Case No. 3:25-cv-07070-RS ("*City of Fresno*").

Although Plaintiffs express no opinion on whether the *Housing Authority* Action should be related to this action, Plaintiffs are obligated under Local Rule 3-12(b) to "promptly file" this administrative motion in this case because they believe "the action may be" related to this action. N.D. Cal. Civ. L.R. 3-12(b).

Local Rule 3-12(a) provides that "[a]n action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. Civ. L.R. 3-12(a).

As to the first element, even though the *Housing Authority* action and this action involve distinct plaintiffs, they both involve two of the same defendants (the U.S. Department of Housing and Urban Development ("HUD") and HUD Secretary Scott Turner in his official capacity).

Additionally, while the two actions generally involve distinct HUD grants, they relate to similar

RENNE PUBLIC LAW GROUP
Attorneys at Law

grant conditions, many of which are based upon the same executive orders.[1] *Compare* Dkt. 45 at 2-5, 19-20 (discussing HUD DEI Conditions, HUD Gender Ideology Conditions, HUD Elective Abortion Condition, and HUD Immigration Enforcement Conditions), *with Housing Authority* Compl., ¶¶ 78-82. Both actions involve substantially similar legal claims and theories and assert that HUD's grant conditions regarding "DEI" and discrimination, "gender ideology," "elective abortion," and immigration violate the Separation of Powers, the Spending Clause, the Fifth Amendment's void-for-vagueness doctrine, and the Administrative Procedure Act ("APA"). *Compare* Dkt. 45 at 10-11, 14-20, 27-34, *with Housing Authority* Compl., ¶¶ 129, 139, 141, 142, 147, 148, 149, 155, 157, 165. In both cases, the plaintiffs are public entities that must accept vague and unlawful conditions imposed by federal agencies, or forgo federal funding for critical programs and services. *Compare* Dkt. 45 at 34, *with Housing Authority* Compl., ¶¶ 123-127. Although these two actions challenge federal agency actions related to distinct grant programs, plaintiffs complain of the same underlying conduct—federal agencies conditioning the receipt of federal funds in accordance with executive policy preferences. As such, relation of these two actions may be appropriate. *See Pepper v. Apple Inc.*, No. 11-CV-06714-YGR, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) (granting order to relate three actions where "the individual transactions" in each action were "not identical," but were "underlined by the same operative facts"); *cf. Thakur v. Trump*, N.D. Cal. Case No. 3:25-cv-04737-RFL, Dkt. 130 (relating cases challenging federal agency funding decisions where plaintiffs contended that "a substantial part of the actions challenged in both cases arise from actions by the same defendants and the same unlawful attempts to terminate funding," Dkt. 129).

Finally, both actions seek similar relief: A declaration that the HUD Grant Conditions are unconstitutional, are not authorized by statute, violate the APA, and are otherwise unlawful, and a preliminary and permanent injunction enjoining HUD and its program offices from imposing or

---

[1] *See* EO No. 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025) (Ending Radical and Wasteful Government DEI Programs and Preferencing); EO No. 14173, 90 Fed. Reg. 8633 (Jan. 21, 2025) (Ending Illegal Discrimination and Restoring Merit-Based Opportunity); EO No. 14168, 90 Fed. Reg. 8615 (Jan. 30, 2025) (Defending Women from Gender Ideology Extremism); EO No. 14182, 90 Fed. Reg. 8751 (Jan. 31, 2025) (Enforcing the Hyde Amendment); EO No. 14218, 90 Fed. Reg. 10581 (Feb. 19, 2025) (Ending Taxpayer Subsidization of Open Borders); EO No. 14287, 90 Fed. Reg. 18761 (Apr. 28, 2025) (Protecting American Communities From Criminal Aliens); and EO No. 14332, 90 Fed. Reg. 38929 (Aug. 7, 2025) (Improving Oversight of Federal Grantmaking).

enforcing the HUD Grant Conditions or any materially similar terms against Plaintiffs, directly or indirectly. *See* Dkt. 45 at 35-36; *Housing Authority* Compl., Prayer for Relief, p. 41. A preliminary injunction has already been granted in the *City Fresno* case on substantially similar allegations and causes of action as *Housing Authority*. *See* Dkt. 45.

As to the second element, because the cases involve similar factual allegations, legal theories, and actions by some of the same federal agency defendants, it appears that these cases may result in unduly burdensome duplication of labor and expense or conflicting results if conducted before different Judges. *Cf. City of Fresno v. Turner*, 2025 WL 2469330, at *8 (N.D. Cal. Aug. 27, 2025) (extending TRO beyond the initial fourteen-day period "in light of the complexity of the issues raised"); *Thakur v. Trump*, N.D. Cal. Case No. 3:25-cv-04737-RFL, Dkt. 130. Relating both actions may conserve significant judicial and party resources. Relating both actions may also promote fairness and consistency by ensuring that the actions will be resolved in a consistent manner. *See JaM Cellars, Inc. v. Wine Grp. LLC*, No. 19-CV-01878-HSG, 2020 WL 2322992, at *1 (N.D. Cal. May 11, 2020) (granting motion to relate two actions involving the same parties and underlying legal claims in order "to avoid duplication of labor or conflicting results," despite the actions involving different products and evidence).

Civil Local Rule 7-11(a) requires an administrative motion "be accompanied . . . by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." As explained in the accompanying declaration, counsel for the *Housing Authority* plaintiffs contacted the U.S. Attorney for the Northern District of California and the Chief of the Civil Division for the Northern District of California, as well as the Senior Counsel from the Federal Programs Branch for the Civil Division of the U.S. Department of Justice representing HUD and Secretary Turner in this action, to ask whether they would accept service of the complaint and whether they could provide defendants' position on whether the two cases should be related. Ross Decl. in Support of Admin. Mot. ¶ 5. At the time of this filing, plaintiffs' counsel had not received defendants' position. Ross Decl. in Support of Admin. Mot. ¶ 6.

| | |
|---|---|
| Dated: October 16, 2025 | RENNE PUBLIC LAW GROUP |
| | By: _____/s/James R. Ross_____<br>JAMES R. ROSS |
| | Attorney for Plaintiffs in *Housing Authority of County of San Diego et al. v. Turner et al.*, Case No. 4:25-cv-08859-KAW<br>HOUSING AUTHORITY OF THE COUNTY OF SAN DIEGO; HOME FORWARD; HOUSING AUTHORITY OF THE CITY OF LOS ANGELES; LOS ANGELES COUNTY DEVELOPMENT AUTHORITY; HOUSING AUTHORITY OF THE CITY OF SALEM; HOUSING AUTHORITY OF BALTIMORE CITY; SAN DIEGO HOUSING COMMISSION |
| Dated: October 16, 2025 | SAN FRANCISCO CITY ATTORNEY'S OFFICE |
| | By: _____*/s/ David Chiu*_____<br>DAVID CHIU |
| | Attorney for Plaintiff in *Housing Authority of County of San Diego et al. v. Turner et al.*, Case No. 4:25-cv-08859-KAW<br>HOUSING AUTHORITY OF THE CITY AND COUNTY OF SAN FRANCISCO |

**ECF ATTESTATION**

I, JAMES R. ROSS, am the ECF user whose identification and password are being used to file ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12). Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.

Dated: October 16, 2025                                         RENNE PUBLIC LAW GROUP

                                                                By:      */s/ James R. Ross*
                                                                         JAMES R. ROSS