ANDREW JANZ (SBN 287672)
Fresno City Attorney
andrew.janz@fresno.gov
CITY OF FRESNO
2600 Fresno Street
Fresno, CA 93721
Telephone: (559) 621-7500
Facsimile:  (559) 457-1084
*Attorney for Plaintiff*
CITY OF FRESNO

JONATHAN V. HOLTZMAN (SBN 99795)
jholtzman@publiclawgroup.com
JAMES R. ROSS (SBN 149199)
jross@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE D. FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
MARIBEL LOPEZ (SBN 340907)
mlopez@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile:  (415) 848-7230
*Attorneys for Plaintiffs*
CITY OF FRESNO; CITY OF EUREKA; CITY OF SOUTH
LAKE TAHOE; COUNTY OF SACRAMENTO; COUNTY OF
MONROE; MONROE COUNTY AIRPORT AUTHORITY;
COUNTY OF SAN DIEGO, COUNTY OF MARIN, CITY OF
ALAMEDA, CITY OF REDWOOD CITY

YIBIN SHEN (SBN 233545)
Alameda City Attorney
yshen@alamedaca.gov
CARA SILVER (SBN 136992)
Special Counsel
csilver@alamedaca.gov
DANIEL J. TURNER (SBN 336499)
Deputy City Attorney
dturner@alamedaca.gov
2263 Santa Clara Avenue, Rm 280
Alameda, CA 94501
Telephone: (510) 747-4750
*Attorneys for Plaintiff*
CITY OF ALAMEDA

MELISSA C. ALLISON (MA Bar No. 657470)*
mallison@andersonkreiger.com
CHRISTINA S. MARSHALL (MA Bar No. 688348)*
cmarshall@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk Street, Floor 21
Boston, MA 02109
Telephone: (617) 621-6500
*Attorneys for Plaintiffs*
COUNTY OF MONROE
MONROE COUNTY AIRPORT AUTHORITY
* *Appearing pro hac vice*

BRIAN E. WASHINGTON (SBN 146807)
Marin County Counsel
KATE K. STANFORD (SBN 302825)
Deputy County Counsel
kate.stanford@marincounty.gov
EDWARD F. SEARS (SBN 297775)
Deputy County Counsel
ned.sears@marincounty.gov
OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Telephone: (415) 473-6117
Facsimile:  (415) 473-3796
*Attorneys for Plaintiff*
COUNTY OF MARIN

LYNDSEY OLSON (MN Lic. #0332288)*
Saint Paul City Attorney
Lyndsey.olsen@ci.stpaul.mn.us
KELSEY MCELVEEN (MN Lic. #0396744)*
Assistant City Attorney
Kelsey.McElveen@ci.stpaul.mn.us
SAINT PAUL CITY ATTORNEY'S OFFICE
400 City Hall and Courthouse
15 Kellogg Boulevard West
Saint Paul, Minnesota 55102
Telephone: (651) 266-8710
Facsimile:  (651) 298-5619
*Attorneys for Plaintiff*
CITY OF SAINT PAUL
* *Appearing pro hac vice*

RENNE PUBLIC LAW GROUP
Attorneys at Law

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITY OF FRESNO; CITY OF EUREKA; CITY OF SOUTH LAKE TAHOE; CITY OF SAINT PAUL; COUNTY OF SACRAMENTO; COUNTY OF MONROE; MONROE COUNTY AIRPORT AUTHORITY; COUNTY OF SAN DIEGO, COUNTY OF MARIN; CITY OF ALAMEDA; CITY OF REDWOOD CITY,

Plaintiffs,

v.

SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SEAN DUFFY in his official capacity as Secretary of the U.S. Department of Transportation; the U.S. DEPARTMENT OF TRANSPORTATION; MARCUS J. MOLINARO in his official capacity as the Administrator of the Federal Transit Administration ; the FEDERAL TRANSIT ADMINISTRATION; GLORIA M. SHEPHERD in her official capacity as the Executive Director of the Federal Highway Administration; the FEDERAL HIGHWAY ADMINISTRATION; BRYAN BEDFORD in his official capacity as the Administration of the Federal Aviation Administration; the FEDERAL AVIATION ADMINISTRATION; ROBERT F. KENNEDY, JR. in his official capacity as Secretary of the U.S. Department of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; LEE ZELDIN in his official capacity as Administrator of the Environmental Protection Agency; and the U.S. ENVIRONMENTAL PROTECTION AGENCY,

Defendants.

Case No.: 3:25-cv-07070-RS

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Complaint Filed: August 20, 2025
FAC Filed: September 8, 2025

Hon. Richard Seeborg

Hearing Date:  January 29, 2026
Hearing Time:  1:30 p.m.
Location:        Courtroom 3

RENNE PUBLIC LAW GROUP
Attorneys at Law

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 29, 2026, at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Chief District Judge Richard Seeborg in Courtroom 3 of the United States District Court for the Northern District of California, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs[1] will and hereby do move the Court for leave to file their proposed Second Amended Complaint for Declaratory and Injunctive Relief (SAC) pursuant to Federal Rule of Civil Procedure 15(a)(2). The proposed SAC is attached to this filing.

This motion is based on this Notice of Motion and Motion, the accompanying supporting Memorandum of Points and Authorities, the accompanying supporting declaration of James Ross and exhibit thereto attached, as well as the papers, evidence, and records on file in this action, and any other written or oral evidence or argument as may be presented at or before the time this motion is heard by the Court.

Plaintiffs do not request a hearing and would accept the Court's decision to resolve this motion without oral argument pursuant to Civil Local Rule 7-1(b).

[1] Existing Plaintiffs are City of Fresno; City of Eureka; City of South Lake Tahoe; City of Saint Paul; County of Sacramento; County of Monroe; Monroe County Airport Authority; County of San Diego; County of Marin; City of Alameda; and City of Redwood City.

-3-

RENNE PUBLIC LAW GROUP
Attorneys at Law

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This motion timely pleads Plaintiffs' first request for leave to amend their Complaint.  This filing is necessary because Defendants declined to consent to Plaintiffs' amendment.  *See* Decl. of James Ross in Support of Plaintiffs' Motion for leave to File Second Amended Complaint, ¶¶ 4–8.  As set forth below, the SAC names additional plaintiffs, adds allegations as to those plaintiffs, adds additional defendants, adds allegations as to those defendants and the grant programs they administered, and adds allegations regarding additional grant programs administered by existing defendants.

Leave to amend under Federal Rule of Civil Procedure 15 should be granted.  Filing the SAC will not cause Defendants any undue delay, given that this case is still in its early stages.  Defendants have not filed an Answer to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief, Dkt. 35 (FAC) and the Initial Case Management Conference has been continued to February 12, 2026 by stipulation of the parties.  *See* Dkt. 62.  The proposed amendments will not unduly prejudice Defendant and Defendants cannot demonstrate that the SAC is filed in bad faith or would be otherwise futile.  Accordingly, Plaintiffs respectfully request that this Court grant their Motion.

## II.    STATEMENT OF FACTS

This action challenges vague and unlawful grant conditions that federal agencies have attached to grants administered pursuant to congressional authorization.  These conditions seek to force Plaintiffs to implement the Trump administration's policy objectives, including ending diversity, equity, and inclusion (DEI) programs, and prohibiting the "promotion" of "gender ideology" and "elective abortion," and adhering to other executive orders unrelated to the grant programs' purposes.

Six cities, counties, and local governments filed the original complaint in this case on August 20, 2025, seeking declaratory and injunctive relief based on the imposition of unlawful conditions by the following Defendants:  HUD, Scott Turner, in his official capacity as Secretary of HUD, DOT, Sean Duffy, in his official capacity as Secretary of DOT, the FTA, Marcus J. Molinaro in his official capacity as the Administrator of the FTA, the FHWA, Gloria M. Shepherd in her official capacity as the Executive Director of the FHWA, the FAA, Bryan Bedford in his official capacity as the Administration of the FAA, HHS, Robert F. Kennedy, Jr. in his official capacity as Secretary of the HHS, the EPA, and Lee Zeldin in

-4-

RENNE PUBLIC LAW GROUP
Attorneys at Law

his official capacity as Administrator of the EPA.  Dkt. 1.  On August 27, 2025, this Court issued a temporary restraining order (TRO), ruling that the moving Plaintiffs were likely to succeed on the merits of their claims and that they faced imminent and irreparable harm absent TRO relief.  Dkt. 28 at 2.

Shortly thereafter, on September 8, 2025, five additional cities and counties joined the original plaintiffs in filing the FAC.  Dkt. No. 35.  In addition to joining new plaintiffs, the FAC challenged materially similar unlawful conditions that had been attached to additional grants administered by DOT and its other operating administrations, including the FAA and the FHWA.  *See* Dkt. 35.  At the same time, Plaintiffs filed a motion for a preliminary injunction (PI).  *See* Dkt. 36.  On September 23, 2025, this Court granted a PI in favor of all 11 plaintiffs enjoining imposition or enforcement of the new grant conditions by HUD, DOT, FTA, FHWA, FAA and HHS.  *See* Dkt. 45; Dkt. 46.

On December 10, 2025, the Court, pursuant to the Parties joint stipulation, continued the Initial Case Management Conference set for December 18, 2025, to February 12, 2026.  *See* Dkt. 62.

The proposed SAC adds fourteen additional cities and counties as plaintiffs: City of Atlanta, City of Beaverton, City of Corvallis, City of Hillsboro, City of Mountain View, City of Salem, City of San Mateo, City of Santa Clara, City of Santa Cruz, City of Stockton, City of Sunnyvale, City of Vacaville, County of Los Angeles, and County of Santa Barbara.  It also adds six federal departments and agencies as defendants, the Federal Railroad Administration; the National Highway Traffic Safety Administration; the U.S. Department of Homeland Security; the Federal Emergency Management Agency; the U.S. Department of the Interior; and the U.S. Department of Justice, along with the heads of those departments and agencies sued in their official capacities.  The SAC challenges materially similar grant conditions and does not assert any new causes of action or legal theories.  The relief sought against the additional defendants is identical to the relief sought against the existing defendants.

## III.    ARGUMENT

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of court, or by consent of the adverse party."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).  Leave to amend should be freely granted in the interest of justice.  Fed. R. Civ. P. 15(a)(2); *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001).  In the Ninth Circuit, Rule 15 is applied with "extreme liberality", with

RENNE PUBLIC LAW GROUP
Attorneys at Law

"all inferences in favor of granting the motion." *Owens,* 244 F.3d at 712 (quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990)).  In deciding whether leave is appropriate, courts consider any of four factors:  "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id.*  Of all the factors courts consider in this inquiry, the consideration of prejudice to the opposing party carries the greatest weight, *Eminence Capital, LLC*, 316 F.3d at 1052, and the party opposing amendment bears the burden of producing specific evidence so that the court may make a factual finding of prejudice.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987) ("Denials of motions for leave to amend have been reversed when lacking a contemporaneous specific finding by the district court of prejudice to the opposing party, bad faith by the moving party, or futility of amendment").

### A.    The Proposed SAC will not Prejudice Defendants

Only in limited circumstances does prejudice result from amending a complaint.  Prejudice may result when "amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *Factory Techs., Inc. v. Neil Jones Foods Co.*, 2023 WL 8242120, at *2 (N.D. Cal. Nov. 28, 2023) (Orrick, J.) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).  Prejudice may also result when added parties do not have time to "pursue and preserve the facts relevant to various avenues of defense" of the suit.  *Korn v. Royal Caribbean Cruise Line, Inc*., 724 F.2d 1397, 1400 (9th Cir. 1984).  However, timely notice that a lawsuit has been initiated, even if that notice is informal, sufficiently addresses such concerns. *Id*.  Defendants carry the "burden of showing prejudice." *DCD*, 833 F.2d at 187.  To "overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings[,] a showing of prejudice must be substantial." *MagTarget LLC v. Saldana*, 2019 WL 1904205, at *3 (N.D. Cal. Apr. 29, 2019) (cleaned up).

The early stage of this litigation eliminates any plausible claim of undue prejudice by new defendants.  No responsive pleading has been filed, no discovery has commenced, and no dispositive motions have been briefed or decided.  Additionally, the initial case management conference has not occurred and has been continued, by stipulation, to February 12, 2026.  "Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-cv-0040-BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018) (citing *DCD*, 833

-6-

RENNE PUBLIC LAW GROUP
Attorneys at Law

F.2d at 187–88). Because the case has not progressed beyond the pleadings, any suggestion of prejudice to the newly named defendants under these circumstances is purely speculative, not substantial.

Adding Plaintiffs to this action will not prejudice Defendants. As courts in this district have determined, "the addition of new plaintiffs, who bring the same claims and allege that they have suffered similar injury, does not unduly prejudice the defendants[.]." *City & Cnty. of San Francisco v. Trump*, No. 25-CV-01350-WHO, 2025 WL 2243619, at *1 (N.D. Cal. Aug. 5, 2025). Here, like existing Plaintiffs, new Plaintiffs are cities and counties that are reasonably threatened by Defendants' actions and now seek resolution. These plaintiffs bring the same claims and will suffer the same injury in the wake of Defendants imposition of unlawful grant conditions; namely, violation of their constitutional rights, uncertainty in managing their budgets due to Defendants' imposition of vague and unauthorized conditions, and the potential loss of federal funding that would catastrophically impact a wide array of core public services.

### B.    The Proposed SAC Is Filed in Good Faith.

In determining whether to grant leave to amend a pleading, courts consider whether Plaintiff has demonstrated "bad faith" in seeking amendment. Bad faith exists where, among other things, amendment seeks to stall or prolong litigation "by adding new but baseless legal theories." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). Courts have also found bad faith where a moving party has a "history of dilatory tactics." *Naranjo v. Bank of Am. Nat'l Ass'n*, No. 14-CV-02748-LHK, 2015 WL 913031, at *5 (N.D. Cal. Feb. 27, 2015).

Plaintiffs' Second Amended Complaint is not proposed in bad faith. Plaintiffs' SAC will not prolong this litigation, nor do Plaintiffs have any dilatory motive or a history of such tactics. Plaintiffs' SAC proposes the addition of new Plaintiffs who have the same claims and potential injuries as existing Plaintiffs, as noted above. Furthermore, the underlying causes of action in the SAC remain unchanged. Finally, Plaintiffs propose the SAC in the early stages of litigation, further demonstrating that that the proposed amendments are in no way indicative of bad faith. *See DCD*, 833 F.2d at 187 (amended pleading adding Defendant not brought in bad faith, where such amendment was sought in "early stages" of action.). Accordingly, Plaintiffs are not acting in bad faith in seeking leave to amend the FAC.

RENNE PUBLIC LAW GROUP
Attorneys at Law

**C.    Plaintiffs' Motion Is Timely and Will Not Cause Undue Delay.**

Plaintiffs' motion for leave to amend the FAC is timely.  Here, there is no evidence of unjust delay because, as discussed above the case is still in its early stages.  To the extent the addition of parties adds delay, that will be "outweighed by the increases in efficiency—for the parties and the court—that will stem from allowing [Plaintiffs] to bring [their] claims now rather than in an entirely separate suit." *Kellman v. Spokeo, Inc.*, 2023 WL 5767466, at \*2 (N.D. Cal. Sept. 6, 2023) (Orrick, J.).

**D.    The Proposed SAC Is Not Futile.**

The proposed SAC does not alter the substance of the FAC, upon which the Court has already made a preliminary finding in favor of the merits in its preliminary injunction orders. See Order Granting Preliminary Injunction, Dkt. No. 45, 10-11 (finding likelihood of Plaintiffs' success on the merits).

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for leave to file the Second Amended Complaint.

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT  - CASE NO.: 3:25-CV-07070-RS

RENNE PUBLIC LAW GROUP
Attorneys at Law

Dated:  December 19, 2025                    RENNE PUBLIC LAW GROUP


                                            By: _____ /s/ Jonathan V. Holtzman _____
                                                     JONATHAN V. HOLTZMAN

                                            Attorneys for Plaintiffs
                                            City of Fresno; City of Eureka; City of South
                                            Lake Tahoe; County of Sacramento; County of
                                            Monroe; Monroe County Airport Authority;
                                            County of San Diego; County of Marin; City of
                                            Alameda; City of Redwood City

Dated:  December 19, 2025                    FRESNO CITY ATTORNEY'S OFFICE


                                            By: _____ /s/ Andrew Janz _____
                                                     ANDREW JANZ

                                            Attorney for Plaintiff
                                            CITY OF FRESNO

Dated:  December 19, 2025                    SAINT PAUL CITY ATTORNEY'S OFFICE


                                            By: _____ /s/ Kelsey McElveen _____
                                                     LYNDSEY OLSON *
                                                     KELSEY MCELVEEN *
                                            * Appearing pro hac vice

                                            Attorneys for Plaintiff
                                            City of Saint Paul

Dated:  December 19, 2025                    ANDERSON & KREIGER LLP


                                            By: _____ /s/ Melissa C. Allison _____
                                                     MELISSA C. ALLISON *
                                                     CHRISTINA S. MARSHALL *
                                            * Appearing pro hac vice

                                            Attorneys for Plaintiffs
                                            County of Monroe and Monroe County Airport
                                            Authority

RENNE PUBLIC LAW GROUP
Attorneys at Law

-9-

**ECF ATTESTATION**

I, JONATHAN V. HOLTZMAN, am the ECF user whose identification and password are being used to file this **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.

Dated:  December 19, 2025

RENNE PUBLIC LAW GROUP

By:    /s/ Jonathan V. Holtzman
        JONATHAN V. HOLTZMAN

RENNE PUBLIC LAW GROUP
Attorneys at Law

-10-

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - CASE NO.: 3:25-CV-07070-RS