UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITY OF FRESNO, et al.,

    Plaintiffs,

v.

SCOTT TURNER, et al.,

    Defendants.

Case No. 25-cv-07070-RS

**ORDER DENYING LEAVE TO FILE SECOND AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiffs, local government entities and organizations that receive millions of dollars of federal grant money that has come under threat by new federal grant conditions, now move for leave to file a second amended complaint ("SAC"). That amendment would result in more than doubling the number of plaintiffs in the case and nearly that magnitude of additional defendant agencies. The proposed amendments would expand improperly the scope of the case beyond the agency grant policies and grant-authorizing statutes and rules alleged in the first amended complaint. Accordingly, the motion is denied without prejudice as set forth below.

## II. BACKGROUND

On August 20, 2025, six local government plaintiffs—City of Fresno; City of South Lake Tahoe; City of Saint Paul, Minnesota; County of Sacramento; County of Monroe, New York; Monroe County Airport Authority; and City of Eureka—initiated this lawsuit against U.S. Department of Housing and Urban Development ("HUD"), Department of Transportation ("DOT"), including the Federal Transit Administration ("FTA"), Federal Highway Administration

("FHWA"), and Federal Aviation Administration ("FAA")", Department of Health and Human Services ("HHS"), Environmental Protection Agency ("EPA"), and various officials of those agencies acting in their official capacity (together, "Original Defendants"). They sought declaratory and injunctive relief based on Defendants' imposition of unlawful grant conditions. On August 27, 2025, this Court issued a temporary restraining order ("TRO").

On September 8, 2025, five additional cities and counties joined the original plaintiffs in filing the first amended complaint ("FAC"): the County of San Diego, County of Marin, City of Alameda, and City of Redwood City (together with the other six plaintiffs, "Original Plaintiffs"). On September 23, 2025, this Court granted a preliminary injunction ("PI") in favor of all eleven plaintiffs, enjoining imposition or enforcement of the new grant conditions by six of the seven department and agency defendants, HUD, DOT, FTA, FHWA, FAA, and HHS.

On December 19, 2025, the Original Plaintiffs sought leave to file the SAC. The proposed SAC adds fourteen additional local government plaintiffs throughout the United States. Only six of these fourteen New Proposed Plaintiffs are located in the Northern District of California.

The proposed SAC also adds six federal departments and agencies as defendants, the Federal Railroad Administration ("FRA"); the National Highway Traffic Safety Administration ("NHTSA"); the U.S. Department of Homeland Security ("DHS"); the Federal Emergency Management Agency ("FEMA"); the U.S. Department of the Interior ("DOI"); and the U.S. Department of Justice ("DOJ"), along with the heads of those departments and agencies sued in their official capacities ( "New Proposed Defendants") (together with the Original Defendants, "Proposed Defendants"). Two of the New Proposed Defendants, FRA and NHSTA, are operating administrators within DOT while the rest are new to the proceeding. The proposed SAC does not assert any new causes of action.

Defendants oppose the amendment. If amendment is granted, they request the case be transferred in its entirety under 28 U.S.C. § 1404(a) to the district court for the District of Columbia.

### III. LEGAL STANDARD

Under Rule 15(a), a party may amend its pleading once as a matter of course within 21

days of service. *See* Fed. R. Civ. P. 15(a)(1). After that, amendment is generally permitted only with the opposing party's written consent or by leave of the court. *Id.* 15(a)(2). Courts "should freely give leave when justice so requires." *Id.* This rule is applied with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), and nonmoving parties bear the burden of demonstrating why leave to amend should not be granted, *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). Courts generally consider four factors: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, prejudice to the opposing party carries the most weight.

In ruling on a motion for leave to amend that joins additional parties, the court must also consider joinder under Rule 20(a). *See Hinson v. Norwest Fin. So. Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (citing *Desert Empire Bank v. Ins. Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980)). Persons may be joined in one action as plaintiffs or defendants if: (A) the proposed plaintiffs assert, or the proposed defendants have asserted against them, any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs or all defendants, respectively, will arise in the action. Fed. R. Civ. P. 20(a)(1)-(2).

If these requirements are satisfied, joinder under Rule 20(a) exists within the district court's discretionary authority. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir. 2000); *Wynn v. Nat'l Broad. Co., Inc.,* 234 F.Supp.2d 1067, 1078 (C.D.Cal.2002) ("A determination on the question of joinder of parties lies within the discretion of the district court.") (citations and quotations omitted). There is "no requirement that the parties must be joined," particularly where joinder would "confuse and complicate the issues for all parties involved" rather than make the resolution of the case more efficient. *Wynn,* 234 F.Supp.2d at 1078, 1088 (citing Wright, Miller & Kane, *Federal Practice and Procedure,* § 1652). In its joinder analysis, the court is required to "examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman,* 232 F.3d at 1296 (citations and internal quotations omitted).

## IV. DISCUSSION

Here, the Proposed Plaintiffs receive grant funding subject to agency grant conditions inspired by the Grant Condition Executive Orders.[1] However, it confuses the issues to suggest this alone means the parties should be joined. It is not the existence of the Grant Condition Executive Orders which gives rise to the Proposed Plaintiffs' rights to relief nor the Proposed Defendants' liability. Proposed Plaintiffs' claims depend on the statutes and agency rules authorizing the grant funding they receive and the grant conditions defendants indicate some or all of that funding is subject to. These reflect separate transactions and occurrences.

As Defendants point out, DHS, FEMA, DOI, and DOJ are executive agencies that are entirely new to this proceeding. Each has distinct authorizing statutes, grant programs, and grant condition policies. Accordingly, the complaint may not be amended to join defendants related to agencies that are new to the proceeding. To the extent the New Proposed Plaintiffs assert claims against Original Defendants[2] or their operating administrators for funding administered through programs subject to the same or substantially similar grant conditions and the same authorizing statutes and rules as the Original Plaintiffs, the complaint may be amended to add those plaintiffs and claims.[3]

---

[1] As defined in this court's PI order. *See* Dkt. 45.

[2] Defendants argue that new allegations against the EPA should not be permitted because they are futile. However, this court's finding at the preliminary injunction stage that the claims against the EPA were not likely to succeed applied a different standard than that for futility at the pleading stage. Accordingly, Plaintiffs may include allegations against the EPA. Defendants in turn are free to move to dismiss them.

[3] Nevertheless, Plaintiffs should be mindful of the claim-splitting doctrine to the extent an amended complaint would include claims by plaintiffs currently suing Defendants, *see e.g., Martin Luther King, Jr. County, et al. v. Turner*, et al., No. 25-cv-00814-BJR (W.D. Wash.); *City and County of San Francisco, et al. v. Trump, et al.*, No. 3:25-cv-01350-WHO (N.D. Cal.); *Housing Authority of the County of San Diego, et al. v. Turner, et al.*, No. 3:25-cv-008859-JST (N.D. Cal.), based on the same or substantially similar grant conditions applied to grant programs subject to the same authorizing statutes and agency rules, i.e. arising out of the same series of transactions and occurrences. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in [federal] court and against the same defendant.' "). *See also id.* ("To determine whether a suit is duplicative" of a prior suit under the claim-splitting doctrine, courts

## V. CONCLUSION

Plaintiffs motion for leave to file the proposed SAC is denied without prejudice. If Plaintiffs seek to file a revised proposed second amended complaint pursuant to the guidance in this order, they are instructed to move for leave again and to include their new proposed complaint at that time.

**IT IS SO ORDERED**.

Dated: January 8, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

---

"borrow from the test for claim preclusion."). Plaintiffs also should keep in mind the Defendants' compelling argument as to transfer were the number of plaintiffs outside the Northern District of California to swell.