ANDREW JANZ (SBN 287672)
Fresno City Attorney
andrew.janz@fresno.gov
CITY OF FRESNO
2600 Fresno Street
Fresno, CA 93721
Telephone: (559) 621-7500
Facsimile: (559) 457-1084
*Attorney for Plaintiff*
CITY OF FRESNO

KELSEY MCELVEEN (MN BN 0396744)*
Assistant City Attorney
Kelsey.McElveen@ci.stpaul.mn.us
SAINT PAUL CITY ATTORNEY'S OFFICE
400 City Hall and Courthouse
15 Kellogg Boulevard West
Saint Paul, Minnesota 55102
Telephone: (651) 266-8710
Facsimile: (651) 298-5619
*Attorneys for Plaintiff*
CITY OF SAINT PAUL
* *Appearing pro hac vice*

MELISSA C. ALLISON (MA BN 657470)*
mallison@andersonkreiger.com
CHRISTINA S. MARSHALL
(MA BN 688348)*
cmarshall@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk Street, Floor 21
Boston, MA 02109
Telephone: (617) 621-6500
*Attorneys for Plaintiffs*
COUNTY OF MONROE
MONROE COUNTY AIRPORT
AUTHORITY
* *Appearing pro hac vice*

JONATHAN V. HOLTZMAN (SBN 99795)
jholtzman@publiclawgroup.com
JAMES R. ROSS (SBN 149199)
jross@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE D. FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
MARIBEL LOPEZ (SBN 340907)
mlopez@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile: (415) 848-7230
*Attorneys for Plaintiffs*
CITY OF FRESNO; CITY OF EUREKA; CITY OF
SOUTH LAKE TAHOE; COUNTY OF
SACRAMENTO; COUNTY OF MONROE;
MONROE COUNTY AIRPORT AUTHORITY;
COUNTY OF SAN DIEGO, COUNTY OF MARIN;
CITY OF ALAMEDA; CITY OF REDWOOD
CITY; CITY OF ATLANTA; CITY OF
BEAVERTON; CITY OF CORVALLIS; CITY OF
HILLSBORO; CITY OF MOUNTAIN VIEW; CITY
OF SALEM; CITY OF SAN MATEO; CITY OF
SANTA CLARA; CITY OF SANTA CRUZ; CITY
OF STOCKTON; CITY OF SUNNYVALE; CITY
OF VACAVILLE; COUNTY OF LOS ANGELES;
COUNTY OF SANTA BARBARA

BRIAN E. WASHINGTON (SBN 146807)
Marin County Counsel
KATE K. STANFORD (SBN 302825)
Deputy County Counsel
kate.stanford@marincounty.gov
EDWARD F. SEARS (SBN 297775)
Deputy County Counsel
ned.sears@marincounty.gov
OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Telephone: (415) 473-6117
Facsimile: (415) 473-3796
*Attorneys for Plaintiff*
COUNTY OF MARIN

RENNE PUBLIC LAW GROUP
Attorneys at Law

-1-

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SECOND PRELIMINARY INJUNCTION – CASE No.: 3:25-cv-07070-RS

ALLEGRA J. LAWRENCE
(GA BN 439797)**
lawrence@khlawfirm.com
MICHELLE McCLAFFERTY
(ASB-0880-N10I)**
McClafferty@khlawfirm.com
KREVOLIN & HORST, LLC
1201 West Peachtree St., Suite 3500
Atlanta, GA 30309
Telephone: (404) 400-3350
*Attorneys for Plaintiff*
CITY OF ATLANTA
**Application for pro hac vice forthcoming*

YIBIN SHEN (SBN 233545)
Alameda City Attorney
yshen@alamedaca.gov
CARA SILVER (SBN 136992)
Special Counsel
csilver@alamedaca.gov
DANIEL J. TURNER (SBN 336499)
Deputy City Attorney
dturner@alamedaca.gov
2263 Santa Clara Avenue, Rm 280
Alameda, CA 94501
Telephone: (510) 747-4750
*Attorneys for Plaintiff*
CITY OF ALAMEDA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF FRESNO; CITY OF EUREKA; CITY OF SOUTH LAKE TAHOE; CITY OF SAINT PAUL; COUNTY OF SACRAMENTO; COUNTY OF MONROE; MONROE COUNTY AIRPORT AUTHORITY; COUNTY OF SAN DIEGO, COUNTY OF MARIN; CITY OF ALAMEDA; CITY OF REDWOOD CITY; CITY OF ATLANTA; CITY OF BEAVERTON; CITY OF CORVALLIS; CITY OF HILLSBORO; CITY OF MOUNTAIN VIEW; CITY OF SALEM; CITY OF SAN MATEO; CITY OF SANTA CLARA; CITY OF SANTA CRUZ; CITY OF STOCKTON; CITY OF SUNNYVALE; CITY OF VACAVILLE; COUNTY OF LOS ANGELES; COUNTY OF SANTA BARBARA, <br><br>    Plaintiffs, <br><br> v. <br><br> SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SEAN DUFFY in his official capacity as Secretary of the U.S. Department of Transportation; the U.S. DEPARTMENT OF TRANSPORTATION; MARCUS J. MOLINARO in his official capacity as the Administrator of the Federal Transit Administration ; the FEDERAL TRANSIT ADMINISTRATION; GLORIA M. SHEPHERD in her official capacity as the Executive Director of the Federal Highway Administration; the FEDERAL HIGHWAY ADMINISTRATION; BRYAN BEDFORD in his official capacity as the | Case No.: 3:25-cv-07070-RS <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SECOND PRELIMINARY INJUNCTION** <br><br> Complaint Filed: August 20, 2025 <br> FAC Filed: September 8, 2025 <br> SAC Filed: February 9, 2026 <br><br> Hon. Richard Seeborg <br><br> Hearing Date:    April 16, 2026 <br> Hearing Time:    1:30 p.m. <br> Location:    Zoom Videoconference |

-2-

Administration of the Federal Aviation Administration; the FEDERAL AVIATION ADMINISTRATION; DAVID FINK, in his official capacity as the Administrator of the Federal Railroad Administration; the FEDERAL RAILROAD ADMINISTRATION; JONATHAN MORRISON in his official capacity as the Administrator of the National Highway Traffic Safety Administration; the NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION; ROBERT F. KENNEDY, JR. in his official capacity as Secretary of the U.S. Department of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; LEE ZELDIN in his official capacity as Administrator of the Environmental Protection Agency; and the U.S. ENVIRONMENTAL PROTECTION AGENCY,

Defendants.

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION

## FOR PRELIMINARY INJUNCTION

On September 23, 2025, the Court entered a Preliminary Injunction, ordering that Defendants the U.S. Department of Housing and Urban Development (HUD), the U.S. Department of Transportation (DOT), its operating administrations the Federal Transit Administration (FTA), Federal Highway Administration (FHWA), and Federal Aviation Administration (FAA), and the U.S. Department of Health and Human Services (HHS) "and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively 'Enjoined Parties'), are enjoined from, as to the Plaintiffs[1], (1) imposing or enforcing the Grant Conditions, as defined in the Court's accompanying Order Granting Preliminary Injunction, or any materially similar terms or conditions with respect to any grants awarded to Plaintiffs; (2) requiring the Plaintiffs to make any 'certification' or other representation related to compliance with such terms or conditions; or (3) refusing to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit." Dkt. 46 at 1-2.

---

[1] Plaintiffs covered by the initial preliminary injunction are City of Fresno, City of Eureka, City of South Lake Tahoe, City of Saint Paul, County of Sacramento, County of Monroe, Monroe County Airport Authority, County of San Diego, County of Marin, City of Alameda, and City of Redwood City.

-3-

RENNE PUBLIC LAW GROUP
Attorneys at Law

On March 5, 2026, Plaintiffs filed a Motion for a Second Preliminary Injunction ("Motion"), seeking entry of another Preliminary Injunction extending this same preliminary relief to "Additional Plaintiffs"[2] and two additional DOT operating administration defendants, the Federal Railroad Administration and the National Highway Traffic Safety Administration, who have been included in the Second Amended Complaint.

Upon consideration of Plaintiffs' motion for a second preliminary injunction, the accompanying memorandum of points and authorities, all supporting documents and declarations thereto, Plaintiffs, including Additional Plaintiffs, have made a sufficient showing in support of their motion for a preliminary injunction. Accordingly, that motion is **GRANTED**. The Court enters the following preliminary injunction, which shall remain in effect until this suit is concluded.

For the foregoing reasons and for good cause shown, the Court hereby **ORDERS**:

1. The U.S. Department of Housing and Urban Development (HUD), the U.S. Department of Transportation (DOT), including the Federal Transit Administration (FTA), Federal Highway Administration (FHWA), Federal Aviation Administration (FAA), Federal Railroad Administration (FRA), and National Highway Traffic Safety Administration (NHTSA), and the U.S. Department of Health and Human Services (HHS), and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them (collectively "Enjoined Parties"), are enjoined from, as to the Plaintiffs, including Additional Plaintiffs, imposing or enforcing the challenged Grant Conditions, as defined in the Court's previous Order Granting Preliminary Injunction (*see* Dkt. 45), or any materially similar terms or conditions with respect to any grants awarded to Plaintiffs; (2) requiring the Plaintiffs to make any "certification" or other representation related to compliance with such terms or conditions; or (3) refusing to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit.

2. Pursuant to 5 U.S.C. § 705, the Court postpones the effective date of any action by any Enjoined

---

[2] Additional Plaintiffs are City of Atlanta, City of Beaverton, City of Corvallis, City of Hillsboro, City of Mountain View, City of Salem, City of San Mateo, City of Santa Clara, City of Santa Cruz, City of Stockton, City of Sunnyvale, City of Vacaville, County of Los Angeles, and the County of Santa Barbara.

RENNE PUBLIC LAW GROUP
Attorneys at Law

Party, their officers, agents, employees, attorneys, and all those in active concert or participation with the Enjoined Parties, to adopt, issue, or enforce the challenged Grant Conditions as to Plaintiffs, including Additional Plaintiffs, or their subrecipients pending conclusion of this litigation.

3.  The Enjoined Parties, their officers, agents, employees, attorneys, and all those in active concert or participation with them, shall immediately treat any actions taken to implement or enforce the challenged Grant Conditions or any materially similar terms or conditions as to Plaintiffs, including the Additional Plaintiffs, or their subrecipients, including but not limited to any delays or withholding of funds based on such conditions, as null, void, and rescinded; shall, while this preliminary injunction is in effect, treat any such conditions included in any grant agreement executed by Plaintiffs, including the Additional Plaintiffs, or their subrecipients as null and void; and may not retroactively apply such conditions to grant agreements during the effective period of this preliminary injunction.

4.  The Enjoined Parties shall immediately take every step necessary to effectuate this order, including clearing any administrative, operational, or technical hurdles.

5.  The Enjoined Parties shall provide notice of this Order within 72 hours of entry to their employees, and anyone acting in concert with them.  The Enjoined Parties shall file a copy of the notice on the docket within 72 hours of its dissemination.

6.  This order shall apply to the maximum extent provided for by Federal Rule of Civil Procedure 65(d)(2) and 5 U.S.C. §§ 705 and 706 and shall remain in effect pending further orders from this Court.


**IT IS SO ORDERED.**


Dated: _____

_____
HON. RICHARD SEEBORG
Chief United States District Judge

RENNE PUBLIC LAW GROUP
Attorneys at Law

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SECOND PRELIMINARY INJUNCTION – CASE NO.: 3:25-CV-07070-RS