UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF FRESNO *et al.*,<br>Plaintiffs,<br>v.<br>SCOTT TURNER, *et al.*,<br>Defendants. | Civ. A. No. 3:25-cv-07070-RA<br>**Declaration of Paul Nissenbaum** |

I, Paul Nissenbaum, pursuant to 28 U.S.C. Section 1746, hereby declares as follows:

1. I am employed by the Federal Railroad Administration (FRA), an operating administration (OA) of the United States Department of Transportation (DOT), as the Associate Administrator and Chief Development Officer for the Office of Railroad Development (RRD). I make this declaration based upon personal knowledge and information made known to me in the course of my professional duties.

2. As the Associate Administrator and Chief Development Officer for RRD, my duties include providing executive leadership to FRA's mission support functions, which include the Office of Railroad Program Development, the Office of Railroad Planning and Engineering, the Office of Environmental Program Management, the Office of Amtrak and the Northeast Corridor, and the Office of Regional Outreach and Project Delivery. As part of my duties, I oversee the Office of Railroad Program Development, which develops and coordinates FRA-wide discretionary grant programs and policies. I make this declaration based on my personal knowledge, information conveyed by other FRA and DOT employees, and FRA and DOT records.

3. I understand that the above-captioned case involves one FRA grant selected for Plaintiff City of Atlanta: the City of Atlanta Safe Crossing Study Fiscal Year (FY) 2023–2024 Railroad Crossing Elimination (RCE) discretionary grant.

4. RCE is a discretionary grant program that funds highway-rail or pathway-rail grade crossing improvement projects that focus on improving the safety and mobility of people

and goods. RCE grant awards are administered by FRA.

5. In general, to apply for FRA discretionary grants an eligible applicant must submit an application in response to a Notice of Funding Opportunity (NOFO). Once the application is received, FRA conducts a multi-step review, consisting of both technical merit and project benefit reviews and recommends projects to the Secretary for selection. If an application is selected, the applicant must demonstrate that they have met certain pre-award requirements that vary based on the nature of the planned activities before FRA will proceed with the execution of the grant agreement. These pre-award requirements can vary depending upon the specifics of the project being selected but are communicated to the applicant after the selections are finalized.

6. To accept a grant award and be eligible for reimbursement of project costs, a recipient must accept the terms and conditions of the award by signing a grant agreement.

7. A copy of the latest version of the terms and conditions is made available on FRA's public website.

8. Throughout the life of a grant, the recipient and FRA can make certain small changes that do not require the execution of a grant agreement amendment. FRA requires a formal grant agreement modification or amendment for specific actions, such as obligating additional funding or changes to the project scope.

9. RCE-funded projects are generally administered on a reimbursement basis. To be eligible for reimbursement, a recipient must have first entered into a grant agreement with FRA that describes the project scope, schedule, and budget. After execution of the grant agreement and obligation of funds, the recipient will be required to pay project costs upfront using its own funds and then request reimbursement for those costs by submitting invoices through the DOT financial system. FRA approving officials then review and approve recipient invoice submissions, comparing the activities to those outlined within the grant agreement, to facilitate a fully electronic payment to recipients.

10. Absent pre-award authority, recipients will not be reimbursed for expenditures incurred before a grant agreement has been executed. Reimbursements are paid out under the terms and conditions set forth in the executed grant agreement.

11. In January 2025, FRA selected the City of Atlanta to receive $1,200,000 under the FY 2023-2024 RCE discretionary grant program. Plaintiff and FRA have not executed a grant agreement under this award as of the date of this filing. The draft agreement

includes some of the challenged conditions, including the discrimination condition and "follow executive orders" condition.

12. FRA has been permanently enjoined from implementing or enforcing the immigration enforcement condition. *California v. Duffy*, 1:25-cv-208-JJM-PAS, ECF No. 74 (D.R.I.) (Nov. 4, 2025). Accordingly, FRA does not include any grant conditions requiring cooperation with federal civil immigration enforcement in any grant agreements presented to recipients for signature on or after November 4, 2025. To the extent any such conditions were included in any grant agreement that was executed or presented for signature prior to November 4, 2025, FRA will not enforce those conditions, the conditions have no legal effect, and the conditions should be considered stricken from the agreements.

13. The funding for this grant is no-year funds and does not expire; therefore, the award is not at risk of expiring due to a lapse of time.

14. I also understand that the above-captioned case involves funding to Plaintiff City of Santa Cruz for Rail Trail Segments. I am not aware of any FRA grants selected for Plaintiff City of Santa Cruz.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of March 2026.

PAUL WILLNER NISSENBAUM

Digitally signed by PAUL WILLNER NISSENBAUM
Date: 2026.03.19 17:06:58 -04'00'

Paul Nissenbaum
Associate Administrator for Railroad Development
Federal Railroad Administration
United States Department of Transportation