UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF FRESNO *et al.*,<br>Plaintiffs,<br>v.<br>SCOTT TURNER, *et al.*,<br>Defendants. | Civ. A. No. 3:25-cv-07070-RA<br>**Declaration of Barbara Sauers** |

I, BARBARA SAUERS, hereby declare:

1. I am the Associate Administrator for Regional Operations and Program Delivery at the National Highway Traffic Safety Administration ("NHTSA"), which is an operating administration of the United States Department of Transportation ("DOT") in Washington, D.C.

2. I make this declaration based upon my personal knowledge, information conveyed by other NHTSA and DOT employees, and NHTSA and DOT records.

3. I have worked at NHTSA for 38 years and have served in the position of Associate Administrator for 4 years. My duties as Associate Administrator include overseeing NHTSA's 10 regional offices and NHTSA's grant management and operations office. My team is composed of approximately 48 individuals and is responsible for distributing more than $928 million annually, which is provided to State Highway Safety Offices to advance traffic safety across the country. Prior to my current position, I served as the director of NHTSA's grants management and operations office, where I led enhancements to improve NHTSA's grants oversight and compliance program.

4. I understand that the above captioned case alleges that nine subawards have been made by States to subrecipients using NHTSA highway safety grant funds: the City of Beaverton, Oregon (four subawards); the City of Santa Clara, California (two subawards); the City of Santa Cruz, California (two subawards); and the City of Hillsboro, Oregon (one subaward). Although Plaintiffs' Second Amended Complaint names the County of Santa Barbara, California as a NHTSA Plaintiff, *see* SAC ¶ 264, I understand that the County of Santa Barbara has not submitted a declaration stating that it receives any NHTSA funds. As described below, NHTSA has not directly entered into grant agreements with the Plaintiffs in this case.

5. NHTSA's highway safety grant program administers grants provided under 23 U.S.C. § 402 and 23 U.S.C. § 405. NHTSA's highway safety grant program is a formula grant program that provides funding to the fifty States, the District of Columbia, Puerto Rico, the territories, and the Bureau of Indian Affairs (collectively "States") to conduct highway traffic safety activities to save lives and prevent injuries resulting from traffic crashes.

6. In general, to apply for highway safety grant funds, a State must submit a triennial Highway Safety Plan and Annual Grant Application consistent with NHTSA's regulations. 23 CFR 1300.11 and 1300.12. NHTSA reviews State applications according to statutory criteria. Annual Grant Applications include initial high-level information on projects that a State plans to implement during the grant year, but NHTSA does not conduct a merit review of those projects. In addition, projects and project details provided in the Annual Grant Application may change throughout the grant year.

7. NHTSA awards highway safety grant funds to State recipients. States subsequently choose whether to distribute NHTSA grant funds to subrecipients in subawards. In the ordinary course, NHTSA does not independently verify States' subawards or maintain contractual

relationships with State subrecipients. NHTSA has limited visibility into State sub-awarding procedures and does not receive project agreements from States except upon request on a spot-check basis. As a result, NHTSA may not know at a given time whether a particular entity is a subrecipient of a NHTSA award to a State.

8. I understand that DOT has been permanently enjoined from implementing or enforcing the immigration enforcement condition. *California v. Duffy*, 1:25-cv-208-JJM-PAS, ECF No. 74 (D.R.I.) (Nov. 4, 2025). Accordingly, NHTSA does not include any grant conditions requiring cooperation with federal civil immigration enforcement in any grant agreements presented to recipients for signature on or after November 4, 2025. To the extent any such conditions were included in any grant agreement that was executed or presented for signature prior to November 4, 2025, I understand DOT's position to be that it will not enforce those conditions, the conditions have no legal effect, and the conditions should be considered stricken from the agreements.

9. NHTSA's grant terms and conditions are set forth in Appendix A to 23 CFR Part 1300 as certifications and assurances that a State must sign as part of the Annual Grant Application. The certifications and assurances include a broad nondiscrimination assurance through which the State applicant agrees that the State and its subrecipients will comply with all Federal statutes and implementing regulations relating to nondiscrimination.

10. In FY 2025 and FY 2026, NHTSA awarded highway safety grant funds to the State of California. When California applied for NHTSA funding, its application included the statement that it would adhere to NHTSA terms and conditions set forth in its regulations. NHTSA sent the State of California an application approval letter on September 30, 2024 for FY 2025 and on September 18, 2025 for FY 2026.

11. In FY 2025 and FY 2026, NHTSA awarded highway safety grant funds to the State of Oregon. When Oregon applied for NHTSA funding, its application included the statement that it would adhere to NHTSA terms and conditions set forth in its regulations. NHTSA sent the State of Oregon an application approval letter on September 30, 2024 for FY 2025 and on September 18, 2025 for FY 2026.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 19, 2026 in Washington, D.C.

Barbara Sauers

BARBARA SAUERS
Associate Administrator
Office of Regional Operations and Program Delivery
National Highway Traffic Safety Administration
U.S. Department of Transportation