ANDREW JANZ (SBN 287672)
Fresno City Attorney
andrew.janz@fresno.gov
CITY OF FRESNO
2600 Fresno Street
Fresno, CA 93721
Telephone:  (559) 621-7500
Facsimile:  (559) 457-1084
*Attorney for Plaintiff*
CITY OF FRESNO

KELSEY MCELVEEN (MN BN 0396744)*
Assistant City Attorney
Kelsey.McElveen@ci.stpaul.mn.us
SAINT PAUL CITY ATTORNEY'S OFFICE
400 City Hall and Courthouse
15 Kellogg Boulevard West
Saint Paul, Minnesota 55102
Telephone: (651) 266-8710
Facsimile:  (651) 298-5619
*Attorneys for Plaintiff*
CITY OF SAINT PAUL
* *Appearing pro hac vice*

MELISSA C. ALLISON (MA BN 657470)*
mallison@andersonkreiger.com
CHRISTINA S. MARSHALL
(MA BN 688348)*
cmarshall@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk Street, Floor 21
Boston, MA 02109
Telephone: (617) 621-6500
*Attorneys for Plaintiffs*
COUNTY OF MONROE
MONROE COUNTY AIRPORT
AUTHORITY
* *Appearing pro hac vice*

JONATHAN V. HOLTZMAN (SBN 99795)
jholtzman@publiclawgroup.com
JAMES R. ROSS (SBN 149199)
jross@publiclawgroup.com
RYAN P. McGINLEY-STEMPEL (SBN 296182)
rmcginleystempel@publiclawgroup.com
JAKE D. FREITAS (SBN 341837)
jfreitas@publiclawgroup.com
MARIBEL LOPEZ (SBN 340907)
mlopez@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone:  (415) 848-7200
Facsimile:  (415) 848-7230
*Attorneys for Plaintiffs*
CITY OF FRESNO; CITY OF EUREKA; CITY OF
SOUTH LAKE TAHOE; COUNTY OF
SACRAMENTO; COUNTY OF MONROE;
MONROE COUNTY AIRPORT AUTHORITY;
COUNTY OF SAN DIEGO, COUNTY OF MARIN;
CITY OF ALAMEDA; CITY OF REDWOOD
CITY; CITY OF ATLANTA; CITY OF
BEAVERTON; CITY OF CORVALLIS; CITY OF
HILLSBORO; CITY OF MOUNTAIN VIEW; CITY
OF SALEM; CITY OF SAN MATEO; CITY OF
SANTA CLARA; CITY OF SANTA CRUZ; CITY
OF STOCKTON; CITY OF SUNNYVALE; CITY
OF VACAVILLE; COUNTY OF LOS ANGELES;
COUNTY OF SANTA BARBARA

BRIAN E. WASHINGTON (SBN 146807)
Marin County Counsel
KATE K. STANFORD (SBN 302825)
Deputy County Counsel
kate.stanford@marincounty.gov
EDWARD F. SEARS (SBN 297775)
Deputy County Counsel
ned.sears@marincounty.gov
OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Telephone:  (415) 473-6117
Facsimile:  (415) 473-3796
*Attorneys for Plaintiff*
COUNTY OF MARIN

RENNE PUBLIC LAW GROUP
Attorneys at Law

PLAINTIFFS' ADMINISTRATIVE MOTION TO SUPPLEMENT THE RECORD IN SUPPORT OF PLAINTIFFS' MOTION FOR SECOND PRELIMINARY INJUNCTION (L.R. 7-11)- CASE NO.: 3:25-CV-07070-RS

ALLEGRA J. LAWRENCE
(GA BN 439797)**
lawrence@khlawfirm.com
MICHELLE McCLAFFERTY
(ASB-0880-N10I)**
McClafferty@khlawfirm.com
KREVOLIN & HORST, LLC
1201 West Peachtree St., Suite 3500
Atlanta, GA 30309
Telephone: (404) 400-3350
*Attorneys for Plaintiff*
CITY OF ATLANTA
**Application for pro hac vice forthcoming*

YIBIN SHEN (SBN 233545)
Alameda City Attorney
yshen@alamedaca.gov
CARA SILVER (SBN 136992)
Special Counsel
csilver@alamedaca.gov
DANIEL J. TURNER (SBN 336499)
Deputy City Attorney
dturner@alamedaca.gov
2263 Santa Clara Avenue, Rm 280
Alameda, CA 94501
Telephone: (510) 747-4750
*Attorneys for Plaintiff*
CITY OF ALAMEDA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF FRESNO et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT TURNER in his official capacity as Secretary of the U.S. Department of Housing and Urban Development et al.,<br><br>Defendants. | Case No.: 3:25-cv-07070-RS<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO SUPPLEMENT THE RECORD IN SUPPORT OF PLAINTIFFS' MOTION FOR SECOND PRELIMINARY INJUNCTION (L.R. 7-11)**<br><br>Complaint Filed: August 20, 2025<br>FAC Filed: September 8, 2025<br>SAC Filed: February 9, 2026<br><br>Hon. Richard Seeborg<br><br>Hearing Date:    April 23, 2026<br>Hearing Time:    1:30 p.m.<br>Location:    450 Golden Gate Avenue<br>    Ctrm 3, 17th Floor<br>    San Francisco, CA 94102 |

RENNE PUBLIC LAW GROUP
Attorneys at Law

-1-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs hereby move the Court under Civil Local Rule 7-11 for leave to supplement the factual record on Plaintiffs' Second Motion for Preliminary Injunction. Dkt. 71. This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of James Ross and attached Exhibits filed herewith, and the records and files in this action.

Dated:  April 17, 2026                    RENNE PUBLIC LAW GROUP


By:  _/s/ Ryan P. McGinley-Stempel_
        RYAN P. McGINLEY-STEMPEL

Attorneys for Plaintiffs
CITY OF FRESNO; CITY OF EUREKA; CITY OF SOUTH LAKE TAHOE; COUNTY OF SACRAMENTO; COUNTY OF MONROE; MONROE COUNTY AIRPORT AUTHORITY; COUNTY OF SAN DIEGO, COUNTY OF MARIN; CITY OF ALAMEDA; CITY OF REDWOOD CITY; CITY OF ATLANTA; CITY OF BEAVERTON; CITY OF CORVALLIS; CITY OF HILLSBORO; CITY OF MOUNTAIN VIEW; CITY OF SALEM; CITY OF SAN MATEO; CITY OF SANTA CLARA; CITY OF SANTA CRUZ; CITY OF STOCKTON; CITY OF SUNNYVALE; CITY OF VACAVILLE; COUNTY OF LOS ANGELES; COUNTY OF SANTA BARBARA

RENNE PUBLIC LAW GROUP
Attorneys at Law

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendants' recent conduct demonstrates the ongoing irreparable harm faced by Plaintiffs. Accordingly, Plaintiffs hereby move to supplement the factual record with evidence of Defendants' conduct before the April 23 hearing on Plaintiff's Motion for Second Preliminary Injunction. Within the past 15 days, Defendants in one instance threatened to terminate a Plaintiff's grant funding over purportedly objectionable DEI language and in other instances announced an intention to withhold grant funding from three Plaintiffs in the absence of an injunction. This new evidence—of Defendants' own making—was not available before the close of briefing but is essential to a full and fair hearing on the merits of Plaintiffs' motion. Plaintiffs therefore seek leave to supplement the record with declarations and attached exhibits reflecting these post-briefing developments.

### II.    BACKGROUND

On March 5, 2026, Plaintiffs filed their Motion for Second Preliminary Injunction. Dkt. 71. Briefing closed on March 26, 2026, when Plaintiffs' filed their Reply. Dkt. 78. The motion is set for hearing on April 23, 2026.

After the close of briefing, Defendants Department of Health and Human Services ("HHS") and Department of Housing and Urban Development ("HUD") engaged in conduct involving four Plaintiff public entities that bears directly on Plaintiffs' irreparable harm claim.

***Defendant HHS threatens to cancel a Substance Abuse and Mental Health Services Administration grant to Plaintiff Marin County***. On March 30, 2026, the Substance Abuse and Mental Health Administration ("SAMHSA"), a division of HHS, issued a Request for Additional Materials ("RAM") to Plaintiff Marin County concerning an existing $1.9 million SAMHSA grant for Adult Drug Court sustainability. The RAM stated that Marin County's "continuation application ha[d] been found not in compliance with the Presidential Executive Order regarding DEI" and required the County to revise certain offending words and phrases "within 3 business days." (The RAM also directed the removal of words such as "undocumented," "immigrant," and "refugees.")

On April 2, 2026, after Marin County had provided SAMSHA with a copy of this Court's September 23, 2025 Preliminary Injunction (Dkt. 45)—pointing out that Marin County was covered

-2-

RENNE PUBLIC LAW GROUP
Attorneys at Law

RENNE PUBLIC LAW GROUP
Attorneys at Law

under its terms and that SAMHSA's RAM therefore violated the Preliminary Injunction—a SAMHSA representative nevertheless told Marin County's Substance Use Administration Program Manager that failure to comply with SAMSHA's request may result in termination of the grant and that the county must comply by the close of business.

This matter was resolved only after the involvement of Plaintiffs' counsel on April 2. The next day, SAMHSA retracted the RAM, claiming that it was sent inadvertently and acknowledging that Marin County was covered under the terms of the Preliminary Injunction.

Plaintiffs seek leave to submit the Declaration of Jordan Hall, Program Manager with the County of Marin's Department of Health and Human Services' Behavioral Health and Recovery Services Division, which describes the above conversations with SAMHSA's representative and attaches the following documents as exhibits: a copy of SAMHSA's Request for Additional Materials, a copy of SAMHSA's Notice of Award, and email correspondence with a SAMHSA representative. Plaintiffs also seek leave to submit the Declaration of James Ross, counsel for Plaintiffs, regarding the resolution of the matter. The Declaration of Jordan Hall is attached as Exhibit 1 to the Declaration of James Ross.

***Defendant HUD announces an intention to terminate federal grant funding to three Plaintiffs in the absence of an injunction.*** Earlier this month, three Plaintiffs received a Notice of Modified Agreement ("Notice") from Defendant HUD regarding their HUD grants. Plaintiff County of Santa Barbara received the Notice on April 3, 2026, and Plaintiffs City of Fresno and City of Mountain View received the Notice on April 10. The Notice stated in pertinent part:

> Furthermore, HUD recognizes that, there having been no meeting of the minds on the grant language that should govern in the absence of the Injunction Orders, HUD may pursue all available legal remedies until a grant agreement requiring compliance with all applicable requirements is executed **after any point in which no injunction remains in place.** You as the grantee will have the option of agreeing to the original grant agreement without any modifications to the Enjoined Conditions. **If at that time you do not agree, then no grant agreement will exist and the grantee will be ineligible to draw further funding until an agreement is reached.** In the event your grant is subject to program statutes or regulations which require additional steps before any funding may terminate, HUD will comply with the necessary procedures and steps before any termination occurs.

-3-

RENNE PUBLIC LAW GROUP
Attorneys at Law

(Emphasis added.) The City of Fresno is one of the original plaintiffs and is covered by this Court's Preliminary Injunction. But the City of Mountain View and County of Santa Barbara are Additional Plaintiffs now seeking preliminary injunctive relief.

Plaintiffs seek to submit the declarations of Philip Skei, Assistant Director of Planning and Development for Plaintiff City of Fresno; Wayne Chen, Director of the Housing Department for Plaintiff City of Mountain View; and Joseph Dzvonik, Assistant Director of the Housing and Community Development Division for Plaintiff County of Santa Barbara. Attached as an exhibit to each declaration would be the referenced HUD Notice. These proposed supplemental materials are submitted herewith as Exhibits 2, 3, and 4 to the Declaration of James Ross.

## III.   ARGUMENT

The proposed supplemental evidence establishes Defendants' ongoing intention to enforce the unlawful grant conditions and terminate federal grant funding to entities that fail to fully comply with those conditions. The proposed evidence demonstrates that Defendant HHS is aggressively pursuing grantees deemed to be noncompliant with the DEI Conditions: telling them that grant funds upon which they depend will be summarily terminated unless they eradicate all traces of DEI. Similarly, Defendant HUD has announced through its recent Notice that any public entities not protected by an injunction will have to either accept all of HUD's unlawful grant conditions or face termination of millions of dollars of essential federal grant funds. Not only would such grant terminations be devastating to public entities, these ongoing, credible threats of terminations cause irreparable injury in the form of budgetary uncertainty, the necessity to place funds in reserve, and the pausing and cutting of essential public services. Defendants, who engaged in the latest threats material to an irreparable-harm determination, should not be allowed to keep them out of the record.

Allowing Plaintiffs to supplement the record under these circumstances is appropriate and well within this Court's discretion. *See* Civil Local Rule 7-3(d) (allowing post-reply supplementation with prior Court approval). This is particularly true for relevant, non-duplicative evidence available only after the close of briefing. *See, e.g.*, *Bollinger v. NaphCare Inc.,* No. CV-23-02008-PHX-DGC (MTM), 2025 WL 1009194, at *3 (D. Ariz. Apr. 4, 2025) ("When addressing a motion for preliminary injunction, courts may consider evidence or developments that postdate the pleading."); *Surdyk's Liquor, Inc. v.*

-4-

*MGM Liquor Stores, Inc.*, 83 F. Supp. 2d 1016, 1020 (D. Minn. 2000) (granting cross motions to supplement "[b]ecause the parties have adequately explained why they did not include these materials with the original [preliminary injunction] motion papers, and because these materials shed helpful light on the merits of plaintiff's . . . claim."; *NPG Recs., Inc. v. Roc Nation*, No. CV 16-3909 (JRT/FLN), 2018 WL 6437103, at *3 (D. Minn. Feb. 9, 2018) ("A court may grant leave to supplement the record when information sought to be introduced through supplementation is relevant and previously unavailable.") (collecting cases).

Here, Plaintiffs acted with due diligence to promptly seek leave to bring these recent events into the record for the hearing, and Defendants will not be prejudiced by their submission. Defendants have adequate notice through this motion to marshal counterarguments at the hearing. And should Defendants seek to submit opposing declarations or documents on this issue at the hearing, Plaintiffs would not object. Plaintiffs would request, however, than any such opposing materials be provided to Plaintiffs' counsel by 2:00 p.m. on April 22, 2026. Accordingly, no prejudice or delay will result from the proposed supplementation of the record on these discrete but relevant matters. And consideration of the proposed supplemental materials at the hearing will serve judicial economy and streamline adjudication of the motion for preliminary injunction because it will allow the Court to consider and interrogate the new evidence at the hearing, provide the government with a meaningful opportunity to respond, and obviate any post-hearing proceedings regarding supplementation.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to supplement the factual record on Plaintiff's Motion for Second Preliminary Injunction with the referenced materials attached to the Declaration of James Ross and request that the Court provide any further procedural accommodations necessary to avoid prejudice, including allowing Defendants to submit counter evidence at the hearing after providing advance copies to Plaintiffs.

RENNE PUBLIC LAW GROUP
Attorneys at Law

PLAINTIFFS' ADMINISTRATIVE MOTION TO SUPPLEMENT THE RECORD IN SUPPORT OF PLAINTIFFS' MOTION FOR SECOND PRELIMINARY INJUNCTION (L.R. 7-11)- CASE NO.: 3:25-CV-07070-RS

Dated: April 17, 2026

RENNE PUBLIC LAW GROUP


By: _____*/s/ Ryan P. McGinley-Stempel*_____
RYAN P. McGINLEY-STEMPEL

Attorneys for Plaintiffs
CITY OF FRESNO; CITY OF EUREKA; CITY OF SOUTH LAKE TAHOE; COUNTY OF SACRAMENTO; COUNTY OF MONROE; MONROE COUNTY AIRPORT AUTHORITY; COUNTY OF SAN DIEGO, COUNTY OF MARIN; CITY OF ALAMEDA; CITY OF REDWOOD CITY; CITY OF ATLANTA; CITY OF BEAVERTON; CITY OF CORVALLIS; CITY OF HILLSBORO; CITY OF MOUNTAIN VIEW; CITY OF SALEM; CITY OF SAN MATEO; CITY OF SANTA CLARA; CITY OF SANTA CRUZ; CITY OF STOCKTON; CITY OF SUNNYVALE; CITY OF VACAVILLE; COUNTY OF LOS ANGELES; COUNTY OF SANTA BARBARA

RENNE PUBLIC LAW GROUP
Attorneys at Law

-6-