UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF FRESNO, *et al.*, | Case No. 3:25-cv-07070-RS |
| Plaintiffs, | **DECLARATION OF MATTHEW HAWKINS REGARDING DEFENDANTS' COMPLIANCE WITH PRELIMINARY INJUNCTION ORDER** |
| v. | |
| SCOTT TURNER, *et al.*, | |
| Defendants. | |

I, Matthew Hawkins, declare as follows:

1.      I have been employed by the U.S. Department of Transportation ("DOT"), Office of the Secretary of Transportation ("OST"), since October 20, 2025. Currently, I am the Director for OST's Office of Grants and Financial Assistance. I make this declaration based upon personal knowledge and information made known to me in the course of my duties.

2.      As the Director of the Office of Grants and Financial Assistance, my duties and responsibilities include providing Departmental guidance and technical assistance regarding the administration of DOT grants and financial assistance.

3.      I am aware of the above-captioned lawsuit filed against (among others) DOT; Sean Duffy in his official capacity as Secretary of Transportation; five DOT operating administrations (the Federal Transit Administration ("FTA"), the Federal Highway Administration ("FHWA"), the Federal Aviation Administration ("FAA"), the Federal Railroad Administration ("FRA") and the National Highway Traffic Safety Administration ("NHTSA")); and the heads of those five operating administrations (Jamie Pfister in her official capacity as the FTA Acting Executive Director, Sean McMaster in his official capacity as FHWA Administrator, Bryan Bedford in his official capacity as FAA Administrator, David Fink in his official capacity as FRA Administrator, and Jonathan Morrison in his official capacity as NHTSA

Administrator) (collectively the "DOT Defendants"). I am also aware of the Preliminary Injunction ("PI") that was entered on April 28, 2026, ECF No. 89.  Among other things, the PI requires each enjoined party to serve and file a declaration verifying that it has complied with the PI, "including serving a copy of [the PI] on every defendant agency head, and detailing what additional steps, if any, they have taken to comply." *Id.*

4.     A copy of the PI has been served upon Secretary Duffy, Acting Executive Director Pfister, Administrator McMaster, Administrator Bedford, Administrator Fink, and Administrator Morrison.

5.     The PI prevents DOT Defendants from imposing upon or enforcing against any plaintiff certain grant conditions that either require compliance with executive orders identified by the Court— including Executive Order No. 14151, 90 Fed. Reg. 8339 (Jan. 29, 2025) (*Ending Radical and Wasteful Government DEI Programs and Preferencing*); Executive Order No. 14168, 90 Fed. Reg. 8615 (Jan. 30, 2025) (*Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*); Executive Order No. 14173, 90 Fed. Reg. 8633 (Jan. 31, 2025) (*Ending Illegal Discrimination and Restoring Merit-Based Opportunity*); Executive Order No. 14182, 90 Fed. Reg. 8751 (Jan. 31, 2025) (*Enforcing the Hyde Amendment*); Executive Order No. 14218, 90 Fed. Reg. 10581 (Feb. 19, 2025) (*Ending Taxpayer Subsidization of Open Borders*); Executive Order No. 14287, 90 Fed. Reg. 18761 (Apr. 28, 2025) (*Protecting American Communities from Criminal Aliens*); and Executive Order No. 14332, 90 Fed. Reg. 38929 (Aug. 12, 2025) (*Improving Oversight of Federal Grantmaking*)—or otherwise require a plaintiff grantee to certify that it does not promote DEI activities that violate anti-discrimination laws; that it does not promote gender ideology; or that it is required to cooperate with federal immigration enforcement (collectively the "DOT Grant Conditions").

6.     DOT Defendants verify that Plaintiffs are not subject to the DOT Grant Condition enjoined by the PI and that they are implementing the PI. This includes ensuring that no Plaintiff is required to certify compliance with any DOT Grant Condition by including a special term in grant agreements with Plaintiffs that states DOT will not be imposing or enforcing the enjoined DOT Grant Conditions. Further, the special condition will also state that DOT will not require Plaintiffs to make any certification or other representation related to compliance with the enjoined DOT Grant Conditions.

7.     DOT Defendants are also ensuring that no adverse action is taken against any Plaintiff

MATTHEW HAWKINS DECL.
No. 3:25-cv-07070-RS                                        2

based on either failure to certify compliance with any DOT Grant Condition; failure to timely certify compliance with any DOT Grant Condition; or noncompliance with any DOT Grant Condition. DOT Defendants will not refuse to issue, process, or sign grant agreements based on Plaintiffs' participation in this lawsuit.

8.    DOT Defendants are coordinating implementation through the use of guidance documents and collaboration with the Office of Grants and Financial Assistance, the Office of the General Counsel and the Offices of the Chief Counsels for DOT's operating administrations.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge. Executed this 30th day of April in Washington, D.C.

MATTHEW HAWKINS

Digitally signed by MATTHEW HAWKINS
Date: 2026.04.30 12:17:51 -04'00'

_____
Matthew Hawkins
Director, Office of Grants and Financial Assistance
Office of the Secretary, U.S. Department of Transportation

MATTHEW HAWKINS DECL.
No. 3:25-cv-07070-RS                                         3