UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF FRESNO, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>SCOTT TURNER, *et al.*,<br><br>    Defendants. | Case No. 3:25-cv-07070-RS<br><br>**DECLARATION OF CLAUDETTE FERNANDEZ REGARDING DEFENDANT HUD'S COMPLIANCE WITH AMENDED PRELIMINARY INJUNCTION ORDER** |

I, Claudette Fernandez, hereby declare as follows:

1.     I am employed by the United States Department of Housing and Urban Development ("HUD") as the General Deputy Assistant Secretary ("GDAS") for the Office of Community Planning and Development ("CPD"). I have served in this capacity for over three years. CPD seeks to develop viable communities by promoting integrated approaches that provide decent housing, a suitable living environment, and expand economic opportunities for low and moderate-income people. The primary means towards this end is the development of partnerships among all levels of government and the private sector, including for-profit and nonprofit organizations. Within CPD is the Community Development Block Grant ("CDBG"), Emergency Solutions Grant ("ESG"), Housing Opportunities for Persons with AIDS ("HOPWA') and HOME Investment Partnerships ("HOME") programs (together, "Programs"). My responsibilities and duties include nationally overseeing these programs and guiding leaders who manage the workforce who administer grant funding for each one.

2.     This declaration is based on my personal knowledge and information provided to me in my official capacity, as well as the evaluation of the grants for which Plaintiffs may be eligible for from HUD's CPD.

3.     I am aware of the above-captioned lawsuit filed against HUD and HUD Secretary Scott Turner and the Amended Preliminary Injunction Order ("Amended PI Order") that was entered on April 28, 2026, ECF No. 90. Among other things, the Amended PI Order requires each enjoined party, including

DECL. OF CLAUDETTE FERNANDEZ REGARDING DEFENDANT HUD'S COMPLIANCE WITH AMENDED PI ORDER No. 3:25-cv-07070-RS                    1

HUD, to serve and file a declaration verifying that it has complied with the Amended PI Order, "including serving a copy of [the Amended PI Order] on every defendant agency head, and detailing what additional steps, if any, they have taken to comply." *Id.*

4.     The Amended PI Order prevents HUD from imposing upon or enforcing against any Plaintiff certain grant conditions that either require compliance with executive orders identified by the Court—including Executive Order No. 14151, 90 Fed. Reg. 8339 (Jan. 29, 2025) (*Ending Radical and Wasteful Government DEI Programs and Preferencing*); Executive Order No. 14168, 90 Fed. Reg. 8615 (Jan. 30, 2025) (*Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*); Executive Order No. 14173, 90 Fed. Reg. 8633 (Jan. 31, 2025) (*Ending Illegal Discrimination and Restoring Merit-Based Opportunity*); Executive Order No. 14182, 90 Fed. Reg. 8751 (Jan. 31, 2025) (*Enforcing the Hyde Amendment*); Executive Order No. 14218, 90 Fed. Reg. 10581 (Feb. 19, 2025) (*Ending Taxpayer Subsidization of Open Borders*); Executive Order No. 14287, 90 Fed. Reg. 18761 (Apr. 28, 2025) (*Protecting American Communities from Criminal Aliens*); and Executive Order No. 14332, 90 Fed. Reg. 38929 (Aug. 12, 2025) (*Improving Oversight of Federal Grantmaking*)—or otherwise require a plaintiff grantee to certify that it does not promote DEI activities that violate anti-discrimination laws; that it does not promote gender ideology or elective abortion; or that it is required to cooperate with federal immigration enforcement, including by using verification systems per the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA") ("Grant Conditions").

5.     On Tuesday, April 28, 2026, CPD was provided with a copy of the Amended PI Order, including a summary of its provisions. Pursuant to subparagraph 3 of the Amended PI Order, I verify receipt of the Amended PI Order and that Plaintiffs are not or will not be subject to the Grant Conditions enjoined by the Amended PI Order within the Programs. I also verify that HUD's CPD has or is taking steps to ensure compliance with the Amended PI Order for all Plaintiffs and their grants, including instructing CPD personnel and field offices of: (1) who the Plaintiffs are; (2) all grants that Plaintiffs have or may be grant recipients; and (3) to comply with the terms of the Amended PI Order.

6.     Further, this instruction included that HUD has been enjoined from: (1) imposing or enforcing the Grant Conditions, as defined in the Court's accompanying Order Granting in Part and Denying in Part Motion for Preliminary Injunction, or any materially similar terms or conditions with

respect to any grants awarded to Plaintiffs; (2) requiring the Plaintiffs to make any "certification" or other representation related to compliance with such terms or conditions; or (3) refusing to issue process, or sign grant agreements based on Plaintiffs' participation in this lawsuit.

7. The Amended PI Order provides that it will be in effect pending further orders from the Court.

8. On April 30, 2026, Secretary Turner, as head of HUD, was provided a copy of the Amended PI Order.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge. Executed at Alexandria, VA on April 30, 2026.

_____

Claudette Fernandez
General Deputy Assistant Secretary
Office of Community Planning & Development
U.S. Department of Housing & Urban Development