CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7224
Facsimile: (415) 436-6748
jevechius.bernardoni@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF FRESNO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT TURNER, *et al.*, <br><br> Defendants. | Case No. 3:25-cv-07070-RS <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> The Honorable Richard Seeborg |

**NOTICE OF MOTION AND MOTION TO STAY**

PLEASE TAKE NOTICE that on June 18, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 3, 17th Floor, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Richard Seeborg, defendants U.S. Department of Housing and Urban Development ("HUD"); Scott Turner, in his official capacity as Secretary of HUD; U.S. Department of Transportation ("DOT"); Sean Duffy, in his official capacity as Secretary of DOT; Federal Transit Administration ("FTA"); Marcus J. Molinaro, in his official capacity as the Administrator of FTA; Federal Highway Administration ("FHWA"); Gloria M. Shepherd, in her official capacity as the Executive Director of FHWA; Federal Aviation Administration ("FAA"); Bryan Bedford, in his official capacity as the Administrator of FAA; Federal Railroad Administration ("FRA"); David Fink, in his official capacity as the Administrator of the FRA; National Highway Traffic Safety Administration ("NHTSA"); Jonathan Morrison, in his official capacity as the Administrator of NHTSA; U.S. Department of Health and Human

Services ("HHS"); Robert F. Kennedy, Jr., in his official capacity as Secretary of HHS; U.S. Environmental Protection Agency ("EPA"); Lee Zeldin, in his official capacity as Administrator of EPA (collectively, "Defendants"), will and hereby do move to stay the above-captioned action pending resolution of the appeal in *County of King v. Turner*, No. 25-3664 (9th Cir.) ("*King County Appeal*"), which involves similar facts and legal issues as the above-captioned case.

## I.    Factual Background

### 1.    *King County* District Court And Appellate Proceedings

A federal court in the Western District of Washington is currently presiding over *Martin Luther King, Jr. County, et al. v. Turner, et al.*, No. 25-cv-00814-BJR (W.D. Wash.) ("*King County*"). Each of the agency defendants in *King County* (*e.g.*, HHS, HUD, and DOT) is also a defendant in this proceeding and is subject, in *King County*, to the same challenges to many of the same grant conditions. *Id.* at ECF No. 369 ("*King County* TAC"). Indeed, the legal claims in *King County* and this lawsuit overlap entirely, *compare*:

| SAC | *King County* TAC |
|---|---|
| ¶¶ 494-505: "Count 1: Separation of Powers" | ¶¶ 697-710: "Count 1: Separation of Powers" |
| ¶¶ 506-12: "Count 2: Spending Clause" | ¶¶ 711-19: "Count 2: Spending Clause" |
| ¶¶ 513-16: "Count 3: Tenth Amendment" | ¶¶ 720-25: "Count 3: Tenth Amendment" |
| ¶¶ 517-28: "Count 4: Fifth Amendment Due Process – Vagueness" | ¶¶ 726-37: "Count 4: Fifth Amendment Due Process (Vagueness)" |
| ¶¶ 529-43: "Count 5: Administrative Procedure Act, 5 U.S.C. § 706(2) – Arbitrary and Capricious" | ¶¶ 738-56: "Count 5: Administrative Procedure Act, 5 U.S.C. § 706(2) Arbitrary and Capricious" |
| ¶¶ 544-47: "Count 6: Administrative Procedure Act, 5 U.S.C. § 706(2) – Contrary to the Constitution" | ¶¶ 757-62: "Count 6: Administrative Procedure Act, 5 U.S.C. § 706(2) Contrary to Constitution" |
| ¶¶ 548-55: "Count 7: Administrative Procedure Act, 5 U.S.C. § 706(2) – In Excess of Statutory Authority" | ¶¶ 763-71: "Count 7: Administrative Procedure Act, 5 U.S.C. § 706(2) In Excess of Statutory Authority" |
| ¶¶ 556-60: "Count 8: Administrative Procedure Act, 5 U.S.C. § 706(2) – Agency Action Contrary to Regulation" | ¶¶ 772-79: "Count 8: Administrative Procedure Act, 5 U.S.C. § 706(2) Agency Action Contrary to Regulation" |
| ¶¶ 561-72: "Count 9: Administrative Procedure Act, 5 U.S.C. § 706(2) – Agency Action Without | ¶¶ 780-92: "Count 9: Administrative Procedure Act, 5 U.S.C. § 706(2) Agency Action Without |

| Procedure Required By Law" | Procedure Required By Law" |
| --- | --- |

The *King County* district court has issued three preliminary injunction orders. *See King County* at ECF Nos. 169, 338, 381. Those preliminary injunction orders found that the court had subject matter jurisdiction and further found that the agencies' funding conditions were not committed to agency discretion by law. Moreover, the *King County* court determined that those plaintiffs established a likelihood of success on the merits of their claims that the agencies' funding conditions were contrary to the Constitution, in excess of statutory authority, and arbitrary and capricious. *Id.*

All three of the *King County* preliminary injunction orders are currently on appeal at the Ninth Circuit. *See County of King v. Turner*, Nos. 25-3664, 25-6428, 26-1689 (9th Cir.). The Ninth Circuit held oral argument in the first *King County Appeal* (No. 25-3664) on February 9, 2026. *King County Appeal*, at ECF No. 51. The two later-filed *King County* appeals are currently stayed pending resolution of the first *King County Appeal*. *See* No. 25-6428 at ECF No. 7; No. 26-1689 at ECF No. 7.

### 2.      Above-Captioned Litigation

This Court has issued two preliminary injunctions against HUD, DOT, and HHS regarding many of the same terms and conditions at issue in the *King County* matter. *See* ECF Nos. 45-46 & 90. Like the *King County* court, this Court found that it had subject matter jurisdiction over the lawsuit and further found that Plaintiffs established a likelihood of success on the merits of their claims that the agencies' grant conditions were arbitrary and capricious, in excess of statutory authority, and contrary to the Constitution. ECF No. 45.

Defendants appealed this Court's first preliminary injunction order, and the appeal has been docketed as No. 25-7378 ("*City of Fresno Appeal*"). ECF No. 60. Defendants then filed a motion to stay the appellate proceedings pending the Ninth Circuit's resolution of *King County*, No. 25-3664. *City of Fresno Appeal*, ECF No. 6. Plaintiffs did not oppose the motion to stay the appellate proceedings, and the Ninth Circuit subsequently stayed those appellate proceedings. *Id.* at ECF No. 7.

Defendants are currently scheduled to file an answer to the second amended complaint on or before May 12, 2026. Prior to filing this motion, Defendants inquired whether Plaintiffs would stipulate to a stay of this case pending resolution of the *King County Appeal*. Declaration of Jevechius D. Bernardoni ("Bernardoni Decl.") ¶ 2 & Ex. A. While Plaintiffs agreed to extend Defendants' deadline to file the

answer by 10 days (*i.e.*, to May 22, 2026), they declined to stipulate to stay the case. *See id.* ¶ 3 & Ex. A.

## II.   Legal Standard

The Court has "discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *see also Tevra Brands, LLC v. Elanco Animal Health Inc.*, No. 24-cv-04683-BLF, 2025 WL 1069941, at *1 (N.D. Cal. April 9, 2025).

The Court considers three non-exclusive factors in the stay analysis: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110.

## III.   The Interests Weigh In Favor Of A Stay Pending Resolution Of The *King County Appeal*

The judicial efficiencies that would result in allowing the *King County Appeal* to be resolved prior to further merits briefing in this Court clearly weigh in favor of a stay. A district court may stay a case "pending resolution of independent proceedings which bear upon the case[.]" *Pub. Emps. Ret. Ass'n of N.M. v. Earley (In re PG&E Corp. Sec. Litig.)*, 100 F.4th 1076, 1086 (9th Cir. 2024) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)). Indeed, the Ninth Circuit has "repeatedly held that a district court does not abuse its discretion by staying litigation for efficiency reasons pending resolution of other related proceedings." *Id.* Here, the Ninth Circuit is already reviewing the *King County* court's first preliminary injunction order, which considered many of the same grant conditions imposed by many of the agencies here. *King County* at ECF Nos. 169. Similarly, this Court granted two preliminary injunctions against many of the same agencies based on many of the same conditions and legal grounds. ECF Nos. 45-46 & 90. These are also the same issues to be addressed in the forthcoming merits briefing. As a result, the stay of these district court proceedings promotes judicial economy and conserves resources—the Ninth Circuit's resolution of the *King County Appeal* will, at minimum, inform the parties' merits briefing in this lawsuit and the Court's analysis of those arguments,

and avoid potential inconsistent decisions.

As to the prejudice and hardship elements of the stay analysis, the Ninth Circuit has observed that the relevant "question is whether the stay imposes hardship on Plaintiffs that outweighs the efficiencies to be gained by the stay." *Pub. Emps. Ret. Ass'n of N.M.*, 100 F.4th at 1087. Here, the stay would not pose any hardship on Plaintiffs because this Court has already enjoined the challenged conditions, and those preliminary injunctions will remain in place during the pendency of the stay. *See* ECF Nos. 45-46 & 90 (the preliminary injunctions "shall remain in effect pending further orders from this Court"). In fact, these same Plaintiffs did not oppose the motion to stay appellate proceedings in the *City of Fresno Appeal*, and the appellate review of this Court's first preliminary injunction motion is thus currently stayed pending the outcome of the *King County Appeal* (for the same reasons proffered here). *See City of Fresno Appeal*, ECF No. 7. Finally, the requested stay is likely to be of limited duration since the Ninth Circuit held oral argument in the *King County Appeal* in February—three months ago—and that appeal is thus submitted and awaiting decision by the Ninth Circuit.

**IV.    Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court issue a stay of the above-captioned district court action pending resolution of the *King County Appeal*.

DATED:  May 8, 2026                                Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

Attorneys for Defendants