UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITY OF FRESNO, et al.,

          Plaintiffs,

     v.

SCOTT TURNER, et al.,

          Defendants.

Case No.  25-cv-07070-RS

**ORDER DENYING MOTION TO STAY**

Pursuant to Civil Local Rule 7-1(b), Defendants' motion to stay this action pending resolution of a related Ninth Circuit appeal is suitable for disposition without oral argument, and the hearing set for June 18, 2026 is vacated. For the following reasons, the motion to stay is denied.

The above captioned matter, *City of Fresno, et al., v. Scott Turner, et al.*, No. 3:25-cv-07070-RS (N.D. Cal.) ("*City of Fresno*") has much in common with *Martin Luther King, Jr. County, et al. v. Turner, et al.*, No. 2:25-cv-00814-BJR (W.D. Wash.) ("*King County*"). Both sets of plaintiffs are groups of local governmental entities that face new conditions on their federal grant funding, reflecting the Grant Condition Executive Orders.[1] They have sued some of the government agencies (and their agency heads) imposing the grant conditions and challenge the conditions on substantially similar grounds. However, despite some overlap in defendants, there is no overlap in plaintiffs.

---

[1] Terms in this Order share the same meaning as set out in this Court's prior orders.

Three preliminary injunctions have issued in *King County*, and all three are on appeal at the Ninth Circuit. Oral argument for the first *King County* appeal, No. 25-3664, regarding the first preliminary injunction issued against the Department of Housing and Urban Development ("HUD") and the U.S. Department of Transportation ("DOT"), was held on February 9, 2026. The two later-filed *King County* appeals are stayed pending resolution of the first appeal.

In *City of Fresno,* two preliminary injunctions have issued, enjoining all Defendants except the U.S. Environmental Protection Agency ("EPA") from enforcing the grant conditions. The enjoined Defendants are HUD, DOT, the Federal Transit Administration ("FTA"), Federal Highway Administration ("FHWA"), Federal Aviation Administration ("FAA"), Federal Railway Administration ("FRA"), National Highway Traffic Safety Administration ("NHTSA"), U.S. Department of Health and Human Services ("HHS"), and their agency heads named in their official capacities. *City of Fresno* Defendants appealed the first preliminary injunction order and then sought a stay of the appellate proceedings pending resolution of the first *King County* appeal. The Ninth Circuit motion to stay was unopposed and granted.

*City of Fresno* Defendants now move to stay also the proceedings in this Court pending resolution of the first *King County* appeal. Federal courts have broad discretion to grant or deny stays of proceedings. In considering whether a stay is appropriate, a court may consider (1) the possible damage to the nonmoving party, here Plaintiffs, if a stay is granted, (2) the hardship or inequity to the moving party, here Defendants, if a stay is denied, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). However, "[a] district court's concern for the last factor, which courts refer to as 'judicial efficiency,' 'standing alone is not necessarily a sufficient ground to stay proceedings.' " *In re PG&E Corp. Securities Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (quoting *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)).

Little actual consequence is at stake here. The *City of Fresno* preliminary injunctions

United States District Court
Northern District of California

remain in place with or without a stay, and Defendants raise no hardship or inequity caused by denial. *See* Dkt. 93, Mot. for Stay, at 4–5 (Defendants' analysis focuses on judicial efficiency primarily and lack of harm to Plaintiffs caused by a stay secondarily, with no discussion of the harm Defendants would face without a stay.); Dkt. 104, Reply, at 5–6. (Defendants' balance of hardships analysis focuses entirely on refuting Plaintiffs' theories of harm and does not raise arguments as to the harm Defendants would face.). Meanwhile, Plaintiffs' theories of harm in the case of a stay are mostly speculative, i.e., an inability to seek enforcement of the existing preliminary injunctions in the face of possible violations and delay in production, certification, and possible adjudication, if necessary, of the administrative record. Yet, Plaintiffs do have a ripe interest in resolving budgetary uncertainty as discussed in this Court's prior orders, which the first *King County* appeal will not address fully, especially given it includes only two of the eight currently enjoined *City of Fresno* Defendants. Moreover, Plaintiffs effectively argue that Defendants' reasons for a stay here have no limiting principle such that serial stays could be sought on the same grounds while the Ninth Circuit hears and considers appeals of the other two *King County* preliminary injunctions, further delaying resolution of the matter.

For the forgoing reasons, the motion to stay is denied. However, Defendants are not precluded from making a renewed request for a stay should additional grounds arise.

**IT IS SO ORDERED**.

Dated: June 3, 2026

RICHARD SEEBORG
Chief United States District Judge

CASE NO. 25-cv-07070-RS